**J. D. WRIGHT & SON TRUCK LINE et al.**
**v. CHANDLER.**
No. 12187.

Court of Civil Appeals of Texas. Galveston.
June 8, 1950.

Rehearing Denied June 29, 1950.

Strasburger, Price, Holland, Kelton &. Miller and Hobert Price, all of Dallas, for appellants.

Leon Lusk, Helm & Jones, John L. Hill, Jr., and W. J. Kronzer, Jr., all of Houston, for appellee.

MONTEITH, Chief Justice.

This action was brought by appellee, J. H. Chandler, for the use and benefit of himself and his wife, Mrs. Bertha Chandler, to recover damages for injuries alleged to have been sustained by Mrs. Chandler in an automobile collision alleged to have been the result of the negligent operation of a truck driven by an employee of appellants, J. D. Wright, Sr. and J. D. Wright, Jr., doing business as the J. D. Wright & Son Truck Line.

The suit arose out of a collision which occurred in Waller County, Texas, in November of 1948, between a pick-up truck owned and occupied by appellee and his wife and a truck owned by J. D. Wright & Son Truck Line, and being driven at the time of the collision by one of its employees.

Appellee alleged that he and his wife were proceeding along Highway 290 in Waller County, Texas, in a careful and prudent manner, when their pick-up truck was struck from the rear by a truck owned by appellants, and being operated by one of their employees, who was acting within the scope of his employment. Appellee alleged numerous specific acts and omissions on the part of appellants and their driver, claimed to amount to negligence, which proximately caused the collision.

In their answer appellants alleged that their truck was being operated at a rate of speed and in a manner permitted by the laws of the State, but that appellee had failed to keep a proper lookout for appellants' truck and that he suddenly and unexpectedly brought his pick-up truck to a complete stop directly in front of appellants' truck and that, although appellants' driver did everything possible to avoid the collision, it was impossible for him to do so. They alleged that appellee failed to make a proper application of his brakes. Appellants alleged various acts and omissions on the part of appellee which amounted to contributory negligence and proximately caused the collision in question.

In answer to special issues submitted, a jury found, among other facts, that the driver of appellants' truck was operating his vehicle at an excessive rate of speed; that he failed to keep proper control of his truck or to make proper application of his brakes immediately before the collision. The jury found that the driver of appellants' truck discovered that appellee's pick-up truck and its occupants were in a position of peril prior to the collision and that they would not be able to extricate themselves from such position of peril; that said acts constituted negligence and were the proximate cause of the injuries sustained by Mrs. Bertha Chandler; and that appellee was not guilty of the acts of contributory negligence alleged by appellants.

Based upon the findings of the jury, judgment was rendered in appellee's favor for the sum of $20,000.

Appellants rely largely on the alleged error of the trial court in refusing to grant a new trial because of improper arguments by appellee's attorneys and the alleged fact that the amount of damages allowed on account of the injuries to Mrs. Chandler was grossly excessive.

The particular statement complained of by appellants in their first point of appeal is a statement by appellee's counsel in his argument to the jury, in which he is alleged to have vouched for the credibility of his witnesses by telling the jury that he himself had investigated the facts and had talked to the persons who knew the facts and that he knew what the true facts were and knew that he was on the right side and was entitled to win. Appellants contend that this statement was the unsworn testimony of appellee's counsel to the effect that he knew of his own personal knowledge after an investigation of the case that

his side was entitled to win because they were in the right.

■ It is undisputed that the arguments complained of were not objected to or called to the attention of the court at the time they were made so that the court might instruct the jury to disregard the portion of the argument deemed improper. The argument, we think, could have been corrected by an instruction to disregard it, and the failure to object and move for an instruction to disregard it was, we think, a waiver of the alleged error, if any. City of Waco v. Rook, Tex.Civ.App., 55 S.W.2d 649; Ramirez v. Acker, 134 Tex. 647, 138 S.W.2d 1054; and Texas Employers' Insurance Ass'n v. Cooper, Tex.Civ.App., 194 S.W.2d 819.

■ It is a well-settled rule of law in this State that, in his argument before a jury, an attorney may, with propriety, freely discuss or comment on such facts as are in evidence or admitted in the pleadings, and that he may give his view of the evidence, explain and interpret it, and discuss its weight or probative effect or want thereof. 41 Tex.Jur. 769.

It is also a settled rule of law in this State that an attorney in argument may draw from the facts and circumstances in evidence any inferences and deductions that are reasonable and fair,—that is, the court may not restrict him to any certain view of the facts or the deductions to be drawn therefrom. This liberty of speculative deduction in presenting cases to juries is wide and counsel is permitted in his argument to state to the jury such facts as he in good faith draws from all the circumstances of the case, and what would be very likely to follow if such inferences should turn out to be correct. Moreover, counsel may ordinarily state to the jury all proper inferences from the evidence and draw conclusions therefrom in his own way of reasoning, although they may be illogical or improper. Further, he may argue any hypothesis supported by the evidence, even though there is evidence to the contrary. 41 Tex.Jur. 772; Marvin Drug Co. v. Couch, Tex.Civ.App., 134 S.W.2d 356; Ortiz Oil Co. v. Luttes, Tex.Civ.App., 141

S.W.2d 1050; Pure Oil Co. v. Crabb, Tex. Civ.App., 151 S.W.2d 962 (error refused); Massie v. City of Floydada, Tex.Civ.App., 112 S.W.2d 243.

■ While the statement by appellee's attorney strongly vouched for the credibility of his witnesses, the argument, we think, was his comment on the testimony of the witnesses produced by him, which the jury had heard.

■ Under their second point of appeal, appellants assign error in the alleged improper argument of appellee's attorney in criticizing appellants' attorney for pointing out in his argument that one of appellee's witnesses had admitted being paid $25 for his testimony, although he admitted that he only earned $50 per month. The remarks complained of were, we think, a proper reply to the argument of appellants' counsel in reference to appellee's witness.

In the case of City of Waco v. Killen, Tex.Civ.App., 59 S.W.2d 940, 942, which involved an argument in reference to detectives hired by the City of Waco to watch plaintiff, the substance of the argument complained of was an attack upon appellant and its attorneys because of their conduct in attempting to establish the fact that plaintiff was malingering and not injured to the extent claimed by her. In the argument attorneys for plaintiff stated that the city had employed hirelings, and that "While these folks are in their home at night, eyes are peeping from the darkness watching them, watching their actions. I guess they had a little too much decency to tell you all they saw." The court in its opinion said: "We are of the opinion that the argument complained of was justified by the record. Counsel in his argument has a right to discuss all of the facts in evidence. This includes the right to discuss not only the verdict and character of the witnesses, as revealed by the evidence, but the manner in which his adversary has conducted his case. * * *"

Under the above authorities, the argument of counsel for appellee in the instant case could be considered a legitimate inference from the testimony. We know of no rule of law which prohibits counsel

from saying that his witnesses are not guilty of the acts of which they have been accused.

Under their third point of appeal, appellants complain of the alleged improper argument of appellee's counsel, in which he appealed to the jurors to allow damages at the rate of $2 per day for Mrs. Chandler's pain and suffering for the balance of her life expectancy.

The argument complained of was: "The loss in earnings alone, without giving her the benefit of anything, if you put it on a simple basis of her work and her services she could have rendered at one thousand dollars a year, is almost twenty-seven thousand dollars, for which you will have to take off for a reasonable percentage for her present value. If it is not too much to ask a person that is in pain for circumstances produced like this, at $2 per day, taking the pain suffered at first, take it on an average; take two dollars per day for the balance of that same period, and she doesn't have to live with this for a day or a week, but will have to live with this trouble for always."

■ It is well settled that counsel may in argument to the jury suggest and state what he believes the evidence shows in the way of a damage award.

In the case of City of Dallas v. Maxwell, Tex.Civ.App., 231 S.W. 429, 436, the court in its opinion said: " * * * Nor is it improper for counsel, in their argument, to state to the jury how much they think the plaintiff should recover."

In the case of Galveston, H. & S. A. Ry. Co. v. Miller, Tex.Civ.App., 57 S.W. 702, 703 (writ refused), it is said: " * * * It was certainly within the proper limits of argument for counsel to draw deductions as to the extent of the pecuniary damage, and to express his views concerning the amount proper to be allowed, so long as he, in so doing, confined himself to the evidence."

■ No objection was made when this argument was made and since it appears to have been a comment on testimony heard by the jury, the jury was in a position to pass upon the credibility of the witnesses and the testimony adduced.

Under an appropriate point of appeal, appellants complain of the alleged error of the trial court in refusing to grant a new trial because of the fact that the jury, while deliberating on its verdict, was alleged to have discussed the question as to what amount of the recovery awarded appellee would have to be paid to his attorneys.

Eight of the jurors testified in a hearing on appellants' motion for new trial. One juror testified that a percentage of attorneys' fees was mentioned and that a certain amount would have to come out for income taxes.

■ It was brought out in the hearing and certain of the jurors testified that the question of attorneys' fees was discussed; however, it is undisputed that when the question of attorneys' fees was mentioned the foreman of the jury instructed the members of the jury, in substance, that it was not proper for them to discuss that question in their deliberations. The trial court heard the evidence in reference to misconduct of the jury and overruled appellants' motion. No findings of fact or conclusions of law were requested by the parties or filed by the trial court. The precise question here presented was decided by the Commission of Appeals in the case of Bradley v. Texas & Pacific Ry. Co., 1 S.W.2d 861, in which the court held that the mere mention of attorneys' fees followed by an immediate admonition of a juror that under the court's charge it was improper to consider such fact leaves the matter in doubt as to whether the jury was improperly influenced and that the trial court did not abuse the discretion rested in him in overruling the motion for a new trial.

■ Under their fifth point of appeal, appellants assign error in the allowance of damages in the amount of $20,000 for injuries to Mrs. Chandler. They contend that this amount is grossly excessive.

The record reflects a considerable volume of testimony with reference to the injuries and damages to appellee as a result of the

collision, and is replete with medical testimony. Our courts have uniformly held the measure of damages in a personal injury case is not something that can be measured by a mathematical yardstick and that considerable discretion and latitude must necessarily be vested in the jury in arriving at its verdict and that each case must be measured by its own peculiar facts. Herrin Transportation Co. v. Peterson, Tex.Civ.App., 216 S.W.2d 245, and authorities there cited; Southwestern Greyhound Lines, Inc. v. Dickson, Tex.Civ.App., 228 S.W.2d 232. Under these authorities, this contention must, we think, be overruled.

We have carefully examined all points of error presented, and, finding no reversible error, the judgment of the trial court will be in all things affirmed.

Affirmed.