## MAYWALD TRAILER CO. et al. v. PERRY.
### No. 12278.

Court of Civil Appeals of Texas. Galveston.
April 5, 1951.

Rehearing Denied April 26, 1951.

Myers & Fuller, Pliny V. Myers and Brann Fuller, all of Houston, for appellants.

Allen, Smith, Neal & Lehmann and Claude T. Allen, all of Houston, for appellee.

MONTEITH, Chief Justice.

This action was brought by appellee Clarence D. Perry for the recovery of damages alleged to have been sustained by him as a result of the negligence of appellant J. A. Maywald, doing business as Maywald Trailer Company, by whom he was then employed in the handling of certain loading equipment which caused him serious bodily injuries.

A default judgment with writ of inquiry to ascertain the amount of his damages was entered in appellee's favor. Later appellant filed a motion to set aside this default judgment and when this motion was overruled he requested that the writ of inquiry be heard before a jury. On the trial on the writ of inquiry, in answer to a special issue submitted, judgment was rendered awarding appellee damages in the sum of $8,500.00.

Appellant relies upon three points of assigned error. Under his first and second points of error he complains of the action of the trial court in refusing to allow him to introduce the testimony of a Dr. Giessel in reference to appellee's personal injuries and the testimony of appellant J. A. Maywald as to his observation of and conversation with appellee after his injuries.

Under his third point of error appellant contends that the verdict of the jury was excessive and contrary to the law.

Appellant takes the position that since appellee's cause of action was an unliquidated demand he was entitled, under Rule 243, Texas Rules of Civil Procedure, to have a jury hear his evidence as to the damages suffered by appellee and to assess his damages.

Rule 243, Texas Rules of Civil Procedure, has as its source Article 2157, Vernon's Annotated Civil Statutes, which it repeals. The rule provides that "If the cause of action is unliquidated or be not proved by an instrument in writing, the court shall hear evidence as to damages and shall render judgment therefor, unless the defendant shall demand and be entitled to a trial by jury in which case the judgment by default shall be noted, a writ of inquiry awarded, and the cause entered on the jury docket."

While the courts of this State have not, so far as we are advised, spoken upon the precise facts here involved, the questions here presented have, we think, been decided by the courts of other jurisdictions and may be determined by established principles of law.

It is undisputed in the record that appellant was properly served with citation and that the trial court had jurisdiction to hear the case, and that appellee's cause of action was unliquidated and that he was awarded a writ of inquiry at the time the default judgment was rendered in his favor. Appellee had testified that appellant had sent him to Dr. Julius Giessel for medical treatment of the injuries received by him. Appellant contended that Dr. Giessel would testify as to his examination of appellee and as to his physical condition at the time he made two examinations of him and that his testimony and that of appellant were admissible under said Rule 243, Texas Rules of Civil Procedure. Appellant contends that the jury was entitled to hear all the evidence in reference to appellee's injuries and to pass on the damages to be assessed.

In Vol. 17, Corpus Juris, at page 1049, it is said that "Generally speaking, all evidence conforming to the pleadings and tending to show the amount of the demand or matters in aggravation of the injury is admissible; while under like limitations evidence tending to mitigate or reduce the damages is admissible in behalf of defendant." See also 25 C.J.S., Damages, § 172, b.

In 25 Tex.Jur. at page 406, it is said that "A default admits the truth of plaintiff's allegations; they should be accepted as established facts without evidence. It is only when the cause of action is based on an unliquidated demand or not proven by an instrument in writing that evidence is required—that is, if the nature of the suit requires the assessment of damages. In either event the court hears evidence only as to damages. In all other cases and on all other issues allegations of the petition are to be taken as established. This presupposes, of course, that the allegations of the petition are sufficient to support the relief granted in the judgment."

In Amer.Jur., Vol. 31, page 134, it is said that "The general rule is that in an inquiry of damages upon a default, all of the plaintiff's material allegations are to be taken as true, and the determination of the amount of the damages to be awarded is all that remains to be done. In the trial of the question of damages, the defaulting defendant has the right to be heard and participate. He may cross-examine witnesses, and may offer proof in mitigation of damages, or as to an adjustment or payment of the amount claimed. The defendant may in effect even defeat the action by showing that no damages were caused to the plaintiff by the matters alleged, but there is authority for the rule that the greatest effect that could be given to the evidence of the defendant would be to reduce the inquest to nominal damages, and not to defeat the action. In any event, the defendant may not have the benefit of a setoff, recoupment, or any other ground for the reduction of damages depending on some independent transaction between the plaintiff and a third person."

In the instant case the appellant sought to place Dr. Julius Giessel on the witness stand for the purpose of testifying as to the extent of his injuries and presumably to mitigate his damages.

Appellant contends that since his purpose in introducing the testimony of Mr. Maywald was to touch only on the extent of

the personal injuries suffered by appellee after the injuries occurred, the action of the trial court deprived him of the right to this testimony.

█ Under his third point of error appellant contends that the verdict of the jury was contrary to law and was excessive. The record reflects a considerable volume of testimony with reference to appellee's injuries alleged to have been caused by appellant's negligence. Our courts have uniformly held that the measure of damages in a personal injury case is not something that can be measured by a mathematical yardstick and that considerable discretion and latitude must necessarily be vested in the jury in arriving at its verdict and that each case must be measured by its own peculiar facts. J. D. Wright & Son Truck Line v. Chandler, Tex.Civ.App., 231 S.W.2d 786; Herrin Transp. Co. v. Peterson, Tex.Civ.App., 216 S.W.2d 245; and the authorities cited. Under these authorities this contention must, we think, be overruled.

█ Under the above facts, the court, we think, erred in refusing to allow appellant to introduce testimony in reference to appellee's physical condition and as to the nature of his injuries.

It follows that the judgment of the trial court must be reversed and the cause remanded for a new trial.