## DAVIDSON v. WHITFIELD TRANSP. CO.

### No. 4937.

Court of Civil Appeals of Texas. El Paso.
March 25, 1953.

Rehearing Denied April 8, 1953.

Kemp, Smith, Brown, Goggin & White, Andress, Lipscomb & Peticolas, El Paso, for appellant.

Jones, Hardie, Grambling & Howell, El Paso, for appellee.

FRASER, Justice.

This is an appeal from the 41st District Court of El Paso County, Texas. The case was tried before a jury. This is a suit for property damage growing out of a collision between appellant's automobile and appellee's gasoline truck and trailer. The collision occurred on the night of February 29, 1952, at the intersection of Verde Street and Paisano Drive, in the City of El Paso, Texas. Appellant, Paul C. Davidson, was driving his automobile in a southerly direction on Verde Street, and in the automobile with him was his wife, Allien Davidson. Appellee's gasoline truck and trailer, then being operated by appellee's employee, Rufus Rogers, was proceeding in a westerly direction on Paisano Drive. At the intersection of said streets the automobile of apppellant and the truck-trailer of appellee collided, and in the ensuing fire the vehicles involved were almost completely demolished. There is some dispute about the actual collision, appellant claiming that the truck-trailer jack-knifed and the trailer rolled over on appellant's automobile; appellee claiming that there was a collision which upset the truck-trailer.

Appellant filed suit for the damages to his automobile and appellee filed a cross-action for the damages to its truck and trailer. Trial was before a jury, and the jury found that the collision and resultant damages were caused by appellant's negligence in failing to keep a proper lookout, failing to stop, failing to stop at the stop sign, failing to have his car under control,

and judgment was entered for appellee in the amount of $8,099.50. Appellant's motion and amended motion for a new trial were timely filed and overruled, and notice of appeal given. The case is before the court for review on the following points:

▇▇ Appellant's first point is based on argument of opposing counsel, the following statement being objected to:

"The next question, 27, asked you whether or not the defendant failed to have ¡the brakes on the truck and trailer connected so that they could both be operated off the foot pedal just prior to the accident. There is no question about this. There is no contention that the truck and trailer had both been connected to the foot pedal, but was it negligence not to? Has anyone come up and told you that it was negligence not to operate it that way?"

To this argument appellant made the following objection:

"We object to that. Counsel knows very well that that kind of testimony would not be admissible."

The court overruled appellant's objection to such argument. Appellant takes the position that the above argument was improper because it alluded to inadmissible testimony and was therefore a criticism or comment on the failure of appellant to produce a witness or witnesses not available to either party. It is a well-settled rule in Texas that it is error for counsel in their argument to comment upon or criticize the failure of the other party to produce a witness where the witness is available to both parties alike or is not available to either party. Texas Employers Ins. Ass'n v. Hicks, Tex.Civ.App., 237 S.W. 2d 699 (n. r. e.). We do not find that the above argument of counsel necessarily requires the interpretation given it by counsel for appellant. Counsel for appellant in their opening argument had spoken at length about the makeup of the truck and trailer at the time of the accident, and had vigorously argued that the brake control arrangement was dangerous and imperfect. It seems to us that the argument complained of is a comment on or an inference

from the evidence, or the state of the evidence, and a reply to the argument made by counsel for appellant. We hold therefore that the argument complained of by appellant was in fact invited by appellant, and in any event was not necessarily a direct comment on or criticism of appellant's failure to call a witness available to either or neither, but instead was a legitimate inference from the state of the evidence. This point is accordingly overruled.

▇ In his second point appellant complains of the further argument of counsel, citing the following items of argument:

"As I have said, there is no evidence in this case that they (the brakes) were improperly connected up, and that question should be answered 'No' ";

and

"There has not been a person testify about those brakes not being properly connected up to now, except Mr. Snow in his argument";

and

"There is no evidence, none, not any, no witness has taken the stand and testified that in good practice, Mr. Northcutt says it is a practice he follows, to connect them up the way we had them connected up, and still they would have you guess at it."

No objection was made to this argument and the matter was raised the first time on motion for a new trial. In his opening argument Mr. Snow, counsel for appellant, made a number of references to the hookup of the truck and trailer and the brake control system. These were as follows:

"Now, gentlemen, we submit that he could simply at the time have turned his vehicle to have gone around Mr. Davidson, and this accident wouldn't have happened, and we woudn't be here today, but instead he turned it violently to the left and slammed on his brakes, and Gentlemen, we submit that this is what caused this accident, and we submit that it is negligence for anybody, driving a truckload of gasoline, *especially a dangerous rig like this with brakes that are not hooked up*

*properly,* with one brake control, the foot pedal, operating the tractor and the other, a hand lever operating the trailer with no connection between the two." (S.F. 223–224.)

"But the primary negligence in our mind, and the primary cause for this accident was Whitfield Transportation Company's *failure to have these brakes hooked up properly.*" (S.F. 232.)

"And Gentlemen, I think the best evidence that that is negligence is the fact that Mr. Rogers testified that soon after the accident they changed, and that now they use this foot pedal control to work both brakes, and it is certainly logical to see and reason why that is the safest method." (S.F. 232–233.)

"The Whitfield Transportation Company should never have let a piece of equipment and a rig like that go out on the highway, especially when it is a dangerous rig to start with, as Mr. Northcutt has testified." (S.F. 233.)

"And Gentlemen, we submit that that is what caused this accident, and we submit that it is negligence for anybody driving a truckload of gasoline, especially a dangerous rig like this with brakes *that are not hooked up properly with one brake control,* the foot pedal operating the tractor and the other a hand lever operating the trailer with no connection between the two." (S.F. 232.)

"But the primary negligence in our mind, and the primary cause for this accident was Whitfield Transportation Company's failure to have these brakes hooked up properly." (S.F. 232.)

We do not find that the argument complained of was so inflammatory and prejudicial as to have been incurable by objection from the counsel and instruction by the trial judge. Therefore, appellant waived whatever error there may have been in such argument by his failure to timely object; further these arguments seem a proper reply to the opening argument by appellant, and to be a comment on or inference from the evidence in the case. This point is accordingly overruled.

Appellant's third point complains of argument of counsel referring to the fact that appellant had had something to drink prior to the accident. This fact was clearly brought out in the evidence and it was proper for counsel to comment as he did in view of the fact that issues were submitted on whether or not plaintiff had proper control of his car, and if he had kept a proper lookout, and his handling of his car in general. We hold therefore that this was a proper discussion of the facts in evidence, and it must also be noted that appellant made no objection to the argument during the trial. This point is accordingly overruled.

Appellant's point No. 4 also complains of the argument by counsel for appellee in which remarks were made to the effect that the only reason appellant filed this lawsuit was to give his counsel the right to open and close the argument, and because of a guilty conscience, and that this was a "shotgun lawsuit". No objection was made to this argument at the time and we hold therefore that appellant has waived any error by his failure to object. There was nothing in this argument sufficiently inflammatory to be reversible, regardless of objection and instruction by the court. This point is accordingly overruled.

Point five is overruled for the same reason (failure to object) and further that the argument complained of in any event was not error, but a mere reference to the make of automobile used and by no means an indirect reference or suggestion that plaintiff was a wealthy man. It was a matter of identification only. Careful examination of the statement of facts shows that counsel for appellant themselves made the same type of reference to the automobile on many occasions. This point is overruled.

Point No. 6 complains of the statement of counsel for appellee when in objecting to the argument of counsel for appellant he said as follows: "It's loud, but it's not much argument." We do not find this argument prejudicial nor particularly critical of counsel for appellant. This point is accordingly overruled.

Point seven merely states that the cumulative effect of the aforementioned acts of misconduct requires reversal. Having found that such acts were not prejudicial this point is accordingly overruled.

On the basis of the above holdings we do not find error in the trial of this case and the same is accordingly affirmed.