**MAGNOLIA PETROLEUM COMPANY,**
Appellant,

v.

**Joe HERMAN, Appellee.**

No. 10425.

Court of Civil Appeals of Texas.

Austin.

Oct. 31, 1956.

Rehearing Denied Nov. 21, 1956.

Chas B. Wallace, Dallas, Dan Moody, Jr.; Dan Moody, Austin, for appellant.

Ralph W. Yarborough, Tom H. Davis, Austin, for appellee.

HUGHES, Justice.

This is a suit for damages arising out of a collision between an automobile operated by appellee, Joe Herman, and a truck operated by an employee of appellant, Magnolia Petroleum Company.

The case was tried to a jury which returned a verdict favorable to appellee. Upon this verdict judgment was rendered for him.

Appellant presents but a single point of error which we quote:

"The court erred in permitting the appellee over appellant's objection and exception to write on a blackboard the numbers of the several special issues submitted to the jury and to write opposite such numbers the answers desired by the appellee, and to write on the blackboard the sums of money that the appellee desired to recover in damages; and to argue the case to the jury from such blackboard, thereby indicating to the jury the effect and legal re-

sults of such answers upon the judgment to be entered by the court, and that if answered as indicated by the writing on the blackboard the appellee would recover judgment against appellant."

The blackboard had these writings on it:

"1–18 ...................... Yes
19–38 ...................... No
39 ...................... Yes
20–41 ...................... No
42 ................... Yes
43–47 ...................... No
48 .......... It Was Not
Car, Before ...... $ 1,365.00
After ........... $ 300.00
Dr. Ross ........ $ 262.00
X-Ray .......... 50.00
Amb (ambulance) $ 5.00
Baby Sitter ...... $ 34.00
                  $ 628.00
Personal Injury $20,000.00"

The·jury did not in every respect follow the outline of answers on the blackboard. The personal injury damages were halved, some small adjustment was made in the other damages and some issues, submitted alternatively, were not answered.

We have read the jury argument made by appellee's counsel and it appears to be a full discussion of the evidence applicable to the issues in the charge. No contrary contention to this is made by appellant but we make the observation to preclude our opinion from being construed as an approval of similar blackboard use under other circumstances.

We believe that for this Court at least the question presented is not an open one. For us it was settled in Texas Employers' Insurance Association v. Cruz, 280 S.W.2d 388, 389, writ ref., N.R.E., San Antonio Court of Civil Appeals. We quote from that opinion:

"Appellant's first contention is that the court erred in permitting appellee's attorney before his argument to the jury, to write down the numbers of the special issues upon a blackboard and opposite the number of each special issue the answer he desired the jury to make to the same. We overrule this contention. The attorney for appellee had a right to argue to the jury the answers which he desired to the special issues submitted. He had a right to emphasize what answers he desired, in every way possible and even to beg and plead with the jury to return such answers, so long as he did not indicate to the jury the legal effect of their answers upon the judgment to be rendered. Therefore, we see no reason why counsel for appellee could not write upon a blackboard the number of the issue and opposite thereto the answer he desired, so that the jury might learn these answers not only from listening to what the attorney had to say but also from seeing them written upon a blackboard. Appellant has cited but one case in support of its contention: Wichita Transit Company v. Sanders, 214 S.W.2d 810. This was an opinion by the Fort Worth Court of Civil Appeals which has no writ of error history. In that case the judgment of the trial court was reversed on a number of grounds and we are not at all sure that the court would have reversed the case for the simple reason that a blackboard was used during the argument of counsel.

\*    \*    \*    \*    \*    \*

"It occurs to us, if counsel may beg and plead with the jury to answer certain issues yes and certain other issues no, that it would not be improper for him to write upon a blackboard the number of the issue and the answer which he desired to that issue."

We have examined the application for writ of error filed in Cruz and find that the use of the blackboard was made the subject of a point.

The importance of the question is reflected from this quotation from the petition to the Supreme Court in Cruz:

"We repeat that if this practice is condoned, because of its effectiveness and its appeal to sympathetic jurors, this use of the blackboard will become standard practice in the courtrooms. No plaintiff's counsel will attempt to argue to the jury without a diagram of all the issues and his answers for the jurors to memorize and to take into the jury room with them. This practice would destroy the effectiveness of our special issue practice."

Of similar vein is the argument made by appellant here as shown by the following quotation from its brief:

"The statute providing for the special issue verdict was written and enacted with the intent that in the trial of civil cases the use of the special issue method of submission would avoid the jury's knowing the legal effect of the answers to the special issues. Any sort of conduct that tends to advise the jury of the legal effect of its answers is inimical to the purpose of submitting a case to a jury on special issues rather than for decision on a general verdict. If argument is made in a manner to inform the jury of the effect the answers will have on the judgment to be rendered, the very purpose of submitting the case on special issues is defeated. * * * it would take a person who was too stupid to qualify for jury service to fail to understand the legal effect of the answers to special issues where counsel had so written the numbers of the special issues on a blackboard, grouped them as here, and opposite each such group wrote the answer that appellee's counsel desired. The use of the blackboard was not argument on the merits of the lawsuit. The use of the blackboard was to impress upon the minds of the jurors the answers that

would result in a judgment for appellee. In what appellee's counsel wrote on the blackboard and in what he said in argument, appellee's counsel disclosed to the members of the jury the effect of their answers and that by giving the requested answers the jury could and would return a verdict in favor of appellee.

"There is no way or manner in which a litigant could better indicate to the members of a jury the desired answers to special issues than to group the issues and indicate the answers desired to each group, just as was done by the use of the blackboard in this case. By grouping the issues the task, if it be a task, of remembering the numbers and the answers to be given each group is materially reduced. In this case by the grouping the memory work was reduced to about one-sixth of what would have been necessary if each special issue had been separately written on the blackboard."

The Court of Civil Appeals in Cruz intimated that the error, if any regarding the use of the blackboard would not be reversible error under Rule 434, Texas Rules of Civil Procedure. This point was not presented to the Supreme Court.

We believe the propriety of such practice should be authoritatively settled. If the practice is improper then the trial courts will not permit it and the appellate courts will not be required to study the entire record to determine if the error, if such it be, has resulted in harm.

We follow the San Antonio Court of Civil Appeals in Cruz and hold the use of the blackboard as shown by this record to be proper and legitimate. We have not considered the effect of its use upon either the jury, its verdict or the judgment of the court.

Finding no error, the judgment of the trial court is affirmed.

Affirmed.