Jesus Ramirez HERNANDEZ et al.,
Appellants,

v.

A. T. BAUCUM, Appellee.

No. 13717.

Court of Civil Appeals of Texas.

San Antonio.

March 1, 1961.

Rehearing Denied March 29, 1961.

See also 338 S.W.2d 481.

Strickland, Wilkins, Hall & Mills, Mission, for appellants.

Carter, Stiernberg, Skaggs & Koppel, Harlingen, Crain & Colvin, San Benito, for appellee.

POPE, Justice.

The jury awarded A. T. Baucum, appellee, $81,636 for neck and back injuries sustained when appellant Jacinto Hernandez drove a truck into the rear of appellee's car. Appellants, defendants below, complain that reference to a chart[1] and a mathematical formula in arguing damages was harmful. Appellants also complain of appellee's reference during cross-examination to abandoned pleadings which omitted the defense of sudden brake failure.

■ Prior to the argument, appellants' attorney in chambers anticipated that appellee's counsel was going to display a chart to the jury which portrayed appellee's claims for damages. The court refused to rule in advance, but during argument, the chart was displayed and the objection was made and overruled. The complaint here is that the chart was new evidence. In our opinion, the chart was argument about the evidence and inferences from the evidence, and the jury could have considered such a method of evaluation with or without the argument.

The portions of the chart to which the objections were leveled were the estimates about past and future pain and suffering and the percentage of claimed future earning capacity. Baucum, a healthy thirty-five-year-old employee of Central Power and Light Company, suffered severe permanent injuries to his neck and back. His injury was diagnosed as a whiplash injury of the neck. He presented his own testimony and that of lay and medical witnesses to prove that he suffers pain every day and is forced to take medicine continually for relief. He finds difficulty in working and comes home from work throughout

1.

| Period of Time | | Basis | Total |
|---|---|---|---|
| Pain & Suffering Past | 22 mos. | 1.000.00/mo. | $22,000.00 |
| Pain & Suffering Future | 30 yrs. | 1,800.00/yr. | $54,000.00 |
| Loss of Time Past | 2 mos. | 425.00/mo. | $850.00 |
| Loss of Earning Capacity | 30 yrs. | 50% of 6,000.00/yr. | $90,000.00 |
| Medical Expense Past | 22 mos. | In Evidence | $786.00 |
| Medical Expense Future | 30 yrs. | $100.00/yr. | $3,000.00 |

the day, and holds his job by working overtime at night. He has a compression of a nerve root which involves the median nerve of his left hand. He has a spastic neck which will never again be normal. His injury is permanent and is getting worse. Certain motions and movements increase his pain. At times his pain is almost unbearable. As he said: "I just nearly climb the wall * * * and usually have to just end up with complete medication and bed." This is only a portion of the evidence of his condition.

■ Usually an objection to argument should be accompanied by a request for an instruction that the jury disregard the improper argument. Texas & N. O. R. Co. v. McGinnis, 130 Tex. 338, 109 S.W.2d 160; Davidson v. Whitfield Transp. Co., Tex. Civ.App., 258 S.W.2d 170; Green v. Rudsenske, Tex.Civ.App., 320 S.W.2d 228; Gillespie v. Rossi, Tex.Civ.App., 238 S.W.2d 547. There was no request for an instruction in this instance. The argument was not brought forward, and we do not know how, or if, the chart was mentioned. We are convinced, however, that the jury recognized the chart as the maximum claims by the appellee, for it awarded considerably less than the amounts argued. The jury granted $5,000 for past pain, instead of $22,000. It allowed $36,000 for future pain, instead of $54,000, and it found $36,000 for loss of earning capacity, instead of $90,000. See Green v. Rudsenske, supra; Magnolia Petroleum Co. v. Herman, Tex.Civ.App., 295 S.W.2d 430.

■ The propriety of arguments grounded upon a mathematical analysis has been accepted in Texas. Texas & New Orleans R. Co. v. Flowers, Tex.Civ.App., 336 S.W.2d 907, 916; Louisiana & Arkansas Railway Co. v. Mullins, Tex.Civ.App., 326 S.W.2d 263, 267–268; Continental Bus System, Inc. v. Toombs, Tex.Civ.App., 325 S.W.2d 153, 163; Texas Employers' Ins. Ass'n v. Cruz, Tex.Civ.App., 280 S.W.2d 388, 390; J. D. Wright & Son Truck Line v. Chandler, Tex.Civ.App., 231 S.W.2d 786,

789. The attack upon arguments and visual aids which cut the pain period into segments is that there is no evidence of the monetary value of pain, but that argument, if valid, would eliminate all awards of damages for pain. Pain is translated into dollars with difficulty, whether the jury looks at the total period and grasps a figure from the air, or looks at the pain per year, as here, and multiplies the yearly estimate by the total of the years. The damage issues themselves divided the pain into periods of time. The time from injury to trial was one period, and from trial to the future was another. The law recognizes that pain is a proper item for recovery; that it is susceptible only of an approximate monetary evaluation, that jurors may arrive at a figure from their common knowledge and sense of justice, and that counsel may suggest what they believe the evidence will support. J. D. Wright & Son Trucking Line v. Chandler, supra; City of Dallas v. Maxwell, Tex.Civ.App., 231 S.W. 429; Galveston H. & S. A. Ry. Co. v. Miller, Tex.Civ.App., 57 S.W. 702. We consider it fair argument and a rational approach to treat damages for pain the way it was endured, month by month, and year by year.

■ Appellants also urge that appellee indulged in improper cross-examination. Appellee introduced in evidence the original answer which omitted any defense that a sudden brake failure caused the rear-end collision. Fourteen months after the original answer was filed and two months before trial, appellants filed this defensive pleading for the first time. Appellee by cross-examination undertook to show that the defense was an afterthought. This kind of negative evidence has been discouraged. Dallas Railway & Terminal Co. v. Hendricks, 140 Tex. 93, 166 S.W.2d 116; but cf. Ray v. Gage, Tex.Civ.App., 269 S. W.2d 411, 423. However, the cross-examination occasioned no probable harm. There was cumulative testimonial evidence which established the same point. Appellants, by their defense of sudden brake

failure, introduced an expert who testified that he made the repairs on appellants' vehicle after the accident, that there was a hole in the brake lining, but that no one talked to him about a sudden brake failure until shortly before the trial. Extensive expert testimony disclosed that any loss of braking power would be gradual instead of instantaneous, as claimed. We find nothing in the record which indicates or explains a cause for a sudden brake failure. This state of the record, together with the court's expression of a willingness to charge the jury to disregard the references to the abandoned pleading, leads us to believe that there was no reversible error in the cross-examination.

The judgment is affirmed.