KERULIS V. GRANBURY LAKE PROPERTIES

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO.  2-05-247-CV

JOHN M. KERULIS AND DEE ANN KERULIS APPELLANTS

V.

GRANBURY LAKE PROPERTIES, INC. APPELLEE

D/B/A BUILT RITE CUSTOM HOMES

------------

FROM THE 355TH DISTRICT COURT OF HOOD COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Introduction

John M. Kerulis and Dee Ann Kerulis sued Granbury Lake Properties, Inc. (“GLP”) for failing to build their home in a good and workmanlike manner.  For reasons explained later in this opinion, the trial court entered a default judgment against GLP on liability and, after a bench trial on damages, rendered judgment in favor of the Kerulises for $4,215.02 plus interest.  The Kerulises filed this appeal.  In three issues, the Kerulises argue that the trial court erred by allowing GLP to cross-examine witnesses and present evidence at the trial on damages and that when GLP’s evidence is excluded from consideration, the trial court’s damage award is contrary to the great weight and preponderance of the evidence.  We affirm.

Background

The Kerulises contracted with GLP, a Texas corporation, to build a house in Hood County.  After construction was substantially complete, the Kerulises and GLP filed cross-actions against each other.  The Kerulises alleged that GLP failed to build the house in a good and workmanlike manner, and GLP alleged that the Kerulises failed to pay the full amount due on the construction contract. 

Key to the Kerulises’ complaints on appeal is the fact that the Texas Secretary of State declared GLP’s corporate charter forfeit in July 2004 after GLP failed to pay its franchise tax.  When the Kerulises discovered the forfeiture, they filed a plea in abatement because a corporation whose charter is forfeited has no right to sue or defend in a Texas court.  
See
 
Tex. Tax Code Ann.
 §§ 171.251-.252 (Vernon 2002).  After a hearing on the plea, the trial court signed an agreed order granting the Kerulises’ plea in abatement and ordering GLP to bring itself back into good standing with the State of Texas by January 15, 2005.  The agreed order also provided as follows:

. . . [S]hould [GLP fail to revive its corporate charter by January 15], having failed to revive or restore its corporate [c]harter and privileges and obtain the right to proceed in any defensive or affirmative relief action in this Court, all of [GLP’s] pleadings will be automatically stricken in their entirety, and this Court shall enter judgment by default against [GLP] on all of its claims, and in favor of [the Kerulises] for all claims and causes plead [sic] for, and shall award damages in the amounts properly proven up before the Court. 

The agreed order was signed by counsel for all parties. 

GLP eventually revived its corporate charter on February 3, but because GLP failed to meet the January 15 deadline, the trial court entered a default judgment in favor of the Kerulises on liability on February 17.  The judgment decreed that “in accordance with the [agreed order of abatement], [GLP’s] pleadings were and are hereby stricken in their entirety, and . . . [GLP] has given up all rights to proceed in any defensive or affirmative relief action in this Court” and noted that the amount of damages would be determined by the trier of fact at a trial set for February 22.  

At a pretrial hearing on the day of trial, the Kerulises objected to GLP examining or cross-examining witnesses:

[KERULISES’ ATTORNEY]: . . . [T]he way I read the judgment and the agreed order that precipitated the judgment was that as a result of their failure to comply with the agreed order, they had, in words of the judgment, given up all rights to proceed in any defensive or affirmative relief manner.  So it’s my understanding we’re here to do our prove-up, not insofar as a contested case to have them put on witnesses and cross examine ours.  My understanding of the judgment is it is on a prove-up basis, and that is the words of the agreed order, that we have to prove up our damages after that.  So -- 

THE COURT:  Yes, that’s my understanding.  This is a trial on the issue of damages.

KERULISES’ ATTORNEY]:  Correct.  And to the extent that the defendants have planned on cross examining or putting on witnesses, I would object on that basis that it would violate the court’s prior entered judgment, that they’ve given up the right to do so as in the agreed order.

THE COURT:  I’ll let him put on witnesses. You know, obviously you may have objections to some questions that might relate to some issue of liability, which has already been established by the judgment that I signed previously, but -- but I’ll hear from the witnesses and then decide whether or not their testimony is relevant on the issue of damages.

[KERULISES’ ATTORNEY]:  Very well.  

The issue of damages was tried to the bench.  The Kerulises’ expert witness, Donald Yandell, testified that repairing the various alleged defects in the house would cost a total of $210,000.  GLP cross-examined Yandell and presented the testimony of GLP’s president, Jack Martin, who testified that some of the repairs identified by Yandell were unnecessary and that those that were necessary would cost $3,000.  Both of the Kerulises testified as rebuttal witnesses, and GLP cross-examined them.  Except as noted above, the Kerulises did not object to GLP’s direct- or cross-examination of witnesses.

The trial court made a finding of fact that $4,215.02 would fairly and reasonably compensate the Kerulises for GLP’s failure to build the home in a good and workmanlike manner and rendered judgment for that amount plus prejudgment interest and $7,500 in attorney’s fees. 

Discussion

In their first and second issues, the Kerulises argue that the trial court abused its discretion by allowing GLP to cross-examine the Kerulises’ witnesses and put on a witness of its own and that such error was harmful.  In their third issue, they argue that when GLP’s direct- and cross-examination evidence is excluded from consideration, the trial court’s damage award is contrary to the great weight of the evidence.

  
We review a trial court’s decision to exclude testimony under an abuse of discretion standard.  
Horizon/CMS Healthcare Corp. v. Auld
, 34 S.W.3d 887, 906 (Tex. 2000).  The test for abuse of discretion is whether the trial court acted without reference to any guiding rules and principles.  
C.M. Asfahl Agency v. Tensor, Inc.
, 135 S.W.3d 768, 798 (Tex. App.—Houston [1st Dist.] 2004,  no pet.).  We must uphold an evidentiary ruling if there is any legitimate basis for it.  
Owens-Corning Fiberglas Corp. v. Malone
, 972 S.W.2d 35, 43 (Tex. 1998).

The gist of the Kerulises’ first two points is that the agreed order on their motion to abate was a Rule 11 agreement and the trial court erred by failing to enforce the agreement when it allowed GLP to participate in the trial on damages.  
See
 
Tex. R. Civ. P.
 11.  We agree that the order was enforceable as a Rule 11 agreement but conclude that its effects were not as far-reaching and draconian as the Kerulises contend.

Rule 11 provides as follows:

Unless otherwise provided in these rules, no agreement between attorneys or parties touching any suit pending will be enforced unless it be in writing, signed and filed with the papers as part of the record, or unless it be made in open court and entered of record.

Tex. R. Civ. P.
 11.  A trial court has a ministerial duty to enforce a valid Rule 11 agreement.  
See EZ Pawn Corp. v. Mancias
, 934 S.W.2d 87, 91 (Tex. 1996) (holding that when EZ Pawn agreed to delay hearing as long as Gonzalez filed response at least one week before hearing, but Gonzalez filed response and affidavit just one day before hearing, trial and appellate courts erred in considering affidavit)
; 
 Fed. Lanes, Inc. v. City of Houston
, 905 S.W.2d 686, 690 (Tex. App.—Houston [1st Dist.] 1995, no writ) (holding that when Rule 11 prerequisites were met, trial court had ministerial duty to grant relief in strict accordance with parties’ agreement).
  An agreed order that complies with Rule 11’s requirements is enforceable as a Rule 11 agreement.  
Trevino v. Houston Orthopedic Center
, 831 S.W.2d 341, 344 (Tex. App.—Houston [14th Dist.] 1992, writ denied).  An agreement between parties will not be given greater effect than intended.  
Austin v. Austin
, 603 S.W.2d 204, 207 (Tex. 1980).

The agreed order on the Kerulises’ motion to abate was in writing, signed by the parties’ attorneys, and filed as part of the record.  It therefore met the requisites of Rule 11, and the trial court had a ministerial duty to grant relief in strict accordance with the parties’ agreement.
  The parties agreed that if GLP failed to revive its corporate charter by January 15, the trial court would strike GLP’s pleadings, enter judgment for the Kerulises on their causes of action, and “award [the Kerulises] damages in the amounts properly proven up before the [c]ourt.”  When GLP failed to revive its charter by the deadline, the trial court struck its pleadings and rendered judgment for the Kerulises on liability, all in strict accordance with the parties’ agreement.

The question, then, is whether the agreement that the trial court would “award damages in the amounts properly proven up before the [c]ourt” precluded GLP from participating in the trial on damages.  We hold that it did not.

After the trial court struck GLP’s pleadings, the case stood in the same procedural posture as a default judgment case.  
See
 
Downer v. Aquamarine Operators, Inc.
, 701 S.W.2d 238, 243 (Tex. 1985) (noting that striking of defendant’s pleadings resulted in default judgment).  Just as the agreed abatement order provided that the trial court would award those damages “properly proven up before the [c]ourt,” so must a plaintiff prove its unliquidated damages in a default judgment case.  
See 
Tex. R. Civ. P.
 
243; 
Holt Atherton Indus. v. Heine
, 835 S.W.2d 80, 86 (Tex. 1992).  If the defendant appears at a post-default hearing on damages, it has the right to cross-examine witnesses and to present evidence on unliquidated damages.  
Kirkpatrick v. Mem’l Hosp. of Garland, 
862 S.W.2d 762, 773 (Tex. App.—Dallas 1993, writ denied)
; Ne. Wholesale Lumber, Inc. v. Leader Lumber, Inc.
, 785 S.W.2d 402, 407 (Tex. App.—Dallas 1989, no writ); 
Maywald Trailer Co. v. Perry
, 238 S.W.2d 826, 827 (Tex. Civ. App.—Waco 1951, writ ref’d n.r.e.).  The defendant may cross-examine the plaintiff’s witnesses and present its own witnesses to show that the event made the basis of the plaintiff’s suit did not cause the plaintiff’s injuries.
  Kirkpatrick, 
862 S.W.2d at 773; 
Bass v. Duffey
, 620 S.W.2d 847, 849-50 (Tex. Civ. App.—Houston [14th Dist.] 1981, no writ); 
Maywald
, 238 S.W.2d at 827.

The agreement of the parties, as embodied in the agreed order of abatement, did not explicitly preclude GLP from exercising its right to cross-examine witnesses and present its own witnesses at the trial on damages.  Because the parties did not so agree, the trial court had no ministerial duty to disallow GLP’s cross-examination of the Kerulises’ witnesses or exclude GLP’s  witnesses.

The Kerulises argue that the decree in the judgment on liability that “[GLP] has given up all rights to proceed in any defensive matter or affirmative relief action in this court” relates back to and amplifies the agreement of the parties.  We do not so read the abatement order and the liability judgment.  The “defensive or affirmative relief” language in the agreed order related to the 
predicate
 for striking GLP’s pleadings, not the 
consequences
; the agreed order provided that 
if
 GLP failed to “obtain the right to proceed in any defensive or affirmative relief action” by reviving its corporate charter, 
then
 the trial court would strike its pleadings and proceed to trial on damages.  Similar language was carried forward into the default judgment, but that judgment concerned 
only
 liability.  It logically follows that the phrase “[GLP] has given up all rights to proceed in any defensive matter or affirmative relief action in this court” related to liability only and not to damages.  The parties’ agreement simply did not preclude GLP from participating in the damage trial, and the trial court could not give the agreement greater effect than the parties intended.  
See Austin
, 603 S.W.2d at 207.

We hold that the trial court did not abuse its discretion by allowing GLP to participate in the trial on damages, and we overrule the Kerulises’ first and second issues.  In their third issue, the Kerulises argue that the trial court’s damage award is contrary to the great weight of the evidence if we exclude the evidence that GLP presented at the trial on damages.  Because we conclude that the trial court did not err by permitting GLP to participate in the trial on damages, we overrule the Kerulises’ third issue.

Conclusion

Having overruled the Kerulises’ three issues, we affirm the trial court’s judgment.  We deny GLP’s motion to dismiss this appeal.

ANNE GARDNER

JUSTICE

PANEL A: CAYCE, C.J.; GARDNER and WALKER, JJ.

DELIVERED:  June 29, 2006

FOOTNOTES
1:
See 
Tex. R. App. P. 
47.4.