COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.  2-05-247-CV

 

 

JOHN M. KERULIS AND DEE ANN KERULIS                            APPELLANTS

 

                                                   V.

 

GRANBURY LAKE PROPERTIES, INC.                                         APPELLEE

D/B/A
BUILT RITE CUSTOM HOMES

 

                                              ------------

 

              FROM
THE 355TH DISTRICT COURT OF HOOD COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------

                                            Introduction








John M. Kerulis and Dee Ann
Kerulis sued Granbury Lake Properties, Inc. (AGLP@) for
failing to build their home in a good and workmanlike manner.  For reasons explained later in this opinion,
the trial court entered a default judgment against GLP on liability and, after
a bench trial on damages, rendered judgment in favor of the Kerulises for
$4,215.02 plus interest.  The Kerulises
filed this appeal.  In three issues, the
Kerulises argue that the trial court erred by allowing GLP to cross-examine
witnesses and present evidence at the trial on damages and that when GLP=s evidence is excluded from consideration, the trial court=s damage award is contrary to the great weight and preponderance of
the evidence.  We affirm.

                                            Background

The Kerulises contracted with
GLP, a Texas corporation, to build a house in Hood County.  After construction was substantially
complete, the Kerulises and GLP filed cross-actions against each other.  The Kerulises alleged that GLP failed to
build the house in a good and workmanlike manner, and GLP alleged that the
Kerulises failed to pay the full amount due on the construction contract. 








Key to the Kerulises= complaints on appeal is the fact that the Texas Secretary of State
declared GLP=s corporate
charter forfeit in July 2004 after GLP failed to pay its franchise tax.  When the Kerulises discovered the forfeiture,
they filed a plea in abatement because a corporation whose charter is forfeited
has no right to sue or defend in a Texas court. 
See Tex. Tax Code Ann.
'' 171.251-.252 (Vernon 2002). 
After a hearing on the plea, the trial court signed an agreed order
granting the Kerulises= plea in
abatement and ordering GLP to bring itself back into good standing with the
State of Texas by January 15, 2005.  The
agreed order also provided as follows:

. . .
[S]hould [GLP fail to revive its corporate charter by January 15], having
failed to revive or restore its corporate [c]harter and privileges and obtain
the right to proceed in any defensive or affirmative relief action in this
Court, all of [GLP=s]
pleadings will be automatically stricken in their entirety, and this Court
shall enter judgment by default against [GLP] on all of its claims, and in
favor of [the Kerulises] for all claims and causes plead [sic] for, and shall
award damages in the amounts properly proven up before the Court. 

 

The agreed order was signed by counsel for all
parties. 

GLP eventually revived its
corporate charter on February 3, but because GLP failed to meet the January 15
deadline, the trial court entered a default judgment in favor of the Kerulises
on liability on February 17.  The
judgment decreed that Ain
accordance with the [agreed order of abatement], [GLP=s] pleadings were and are hereby stricken in their entirety, and . . .
[GLP] has given up all rights to proceed in any defensive or affirmative relief
action in this Court@ and noted
that the amount of damages would be determined by the trier of fact at a trial
set for February 22.  

At a pretrial hearing on the
day of trial, the Kerulises objected to GLP examining or cross-examining
witnesses:








[KERULISES=
ATTORNEY]: . . . [T]he way I read the judgment and the agreed order that
precipitated the judgment was that as a result of their failure to comply with
the agreed order, they had, in words of the judgment, given up all rights to
proceed in any defensive or affirmative relief manner.  So it=s my understanding we=re
here to do our prove‑up, not insofar as a contested case to have them put
on witnesses and cross examine ours.  My
understanding of the judgment is it is on a prove‑up basis, and that is
the words of the agreed order, that we have to prove up our damages after
that.  So ‑‑    

 

THE
COURT:  Yes, that=s my understanding.  This is a trial on the issue of damages.

 

KERULISES=
ATTORNEY]:  Correct.  And to the extent that the defendants have
planned on cross examining or putting on witnesses, I would object on that
basis that it would violate the court=s prior entered judgment,
that they=ve
given up the right to do so as in the agreed order.

 

THE
COURT:  I=ll
let him put on witnesses. You know, obviously you may have objections to some
questions that might relate to some issue of liability, which has already been
established by the judgment that I signed previously, but ‑‑ but I=ll
hear from the witnesses and then decide whether or not their testimony is
relevant on the issue of damages.

 

[KERULISES=
ATTORNEY]:  Very well.  

 








The issue of damages was
tried to the bench.  The Kerulises= expert witness, Donald Yandell, testified that repairing the various
alleged defects in the house would cost a total of $210,000.  GLP cross-examined Yandell and presented the
testimony of GLP=s president,
Jack Martin, who testified that some of the repairs identified by Yandell were
unnecessary and that those that were necessary would cost $3,000.  Both of the Kerulises testified as rebuttal
witnesses, and GLP cross-examined them. 
Except as noted above, the Kerulises did not object to GLP=s direct- or cross-examination of witnesses.

The trial court made a
finding of fact that $4,215.02 would fairly and reasonably compensate the
Kerulises for GLP=s failure to
build the home in a good and workmanlike manner and rendered judgment for that
amount plus prejudgment interest and $7,500 in attorney=s fees. 

                                             Discussion

In their first and second
issues, the Kerulises argue that the trial court abused its discretion by
allowing GLP to cross-examine the Kerulises= witnesses and put on a witness of its own and that such error was
harmful.  In their third issue, they
argue that when GLP=s direct-
and cross-examination evidence is excluded from consideration, the trial court=s damage award is contrary to the great weight of the evidence.








  We review a trial court=s decision to exclude testimony under an abuse of discretion
standard.  Horizon/CMS Healthcare
Corp. v. Auld, 34 S.W.3d 887, 906 (Tex. 2000).  The test for abuse of discretion is whether
the trial court acted without reference to any guiding rules and
principles.  C.M. Asfahl Agency v.
Tensor, Inc., 135 S.W.3d 768, 798 (Tex. App.CHouston [1st Dist.] 2004,  no
pet.).  We must uphold an evidentiary
ruling if there is any legitimate basis for it. 
Owens‑Corning Fiberglas Corp. v. Malone, 972 S.W.2d 35, 43
(Tex. 1998).

The gist of the Kerulises= first two points is that the agreed order on their motion to abate
was a Rule 11 agreement and the trial court erred by failing to enforce the
agreement when it allowed GLP to participate in the trial on damages.  See Tex.
R. Civ. P. 11.  We agree that the
order was enforceable as a Rule 11 agreement but conclude that its effects were
not as far-reaching and draconian as the Kerulises contend.

Rule 11 provides as follows:

Unless
otherwise provided in these rules, no agreement between attorneys or parties
touching any suit pending will be enforced unless it be in writing, signed and
filed with the papers as part of the record, or unless it be made in open court
and entered of record.

 








Tex. R. Civ. P. 11.  A trial court has a
ministerial duty to enforce a valid Rule 11 agreement.  See EZ Pawn Corp. v. Mancias, 934
S.W.2d 87, 91 (Tex. 1996) (holding that when EZ Pawn agreed to delay hearing as
long as Gonzalez filed response at least one week before hearing, but Gonzalez
filed response and affidavit just one day before hearing, trial and appellate
courts erred in considering affidavit);  Fed. Lanes, Inc. v. City of Houston, 905
S.W.2d 686, 690 (Tex. App.CHouston [1st Dist.] 1995, no writ) (holding that when Rule 11
prerequisites were met, trial court had ministerial duty to grant relief in
strict accordance with parties= agreement).  An agreed order
that complies with Rule 11=s requirements is enforceable as a Rule 11 agreement.  Trevino v. Houston Orthopedic Center,
831 S.W.2d 341, 344 (Tex. App.CHouston [14th Dist.] 1992, writ denied).  An agreement between parties will not be
given greater effect than intended.  Austin
v. Austin, 603 S.W.2d 204, 207 (Tex. 1980).

The agreed order on the
Kerulises= motion to
abate was in writing, signed by the parties= attorneys, and filed as part of the record.  It therefore met the requisites of Rule 11,
and the trial court had a ministerial duty to grant relief in strict accordance
with the parties=
agreement.  The parties agreed that if
GLP failed to revive its corporate charter by January 15, the trial court would
strike GLP=s pleadings,
enter judgment for the Kerulises on their causes of action, and Aaward [the Kerulises] damages in the amounts properly proven up before
the [c]ourt.@  When GLP failed to revive its charter by the
deadline, the trial court struck its pleadings and rendered judgment for the
Kerulises on liability, all in strict accordance with the parties= agreement.

The question, then, is
whether the agreement that the trial court would Aaward damages in the amounts properly proven up before the [c]ourt@ precluded GLP from participating in the trial on damages.  We hold that it did not.








After the trial court struck
GLP=s pleadings, the case stood in the same procedural posture as a
default judgment case.  See Downer
v. Aquamarine Operators, Inc., 701 S.W.2d 238, 243 (Tex. 1985) (noting that
striking of defendant=s pleadings
resulted in default judgment).  Just as
the agreed abatement order provided that the trial court would award those
damages Aproperly proven up before the [c]ourt,@ so must a plaintiff prove its unliquidated damages in a default
judgment case.  See Tex. R. Civ. P. 243; Holt
Atherton Indus. v. Heine, 835 S.W.2d 80, 86 (Tex. 1992).  If the defendant appears at a post-default
hearing on damages, it has the right to cross-examine witnesses and to present
evidence on unliquidated damages.  Kirkpatrick
v. Mem=l Hosp. of
Garland, 862 S.W.2d 762, 773 (Tex. App.CDallas 1993, writ denied); Ne. Wholesale Lumber, Inc. v. Leader
Lumber, Inc., 785 S.W.2d 402, 407 (Tex. App.CDallas 1989, no writ); Maywald Trailer Co. v. Perry, 238 S.W.2d
826, 827 (Tex. Civ. App.CWaco 1951,
writ ref=d n.r.e.).  The defendant may
cross‑examine the plaintiff=s witnesses and present its own witnesses to show that the event made
the basis of the plaintiff=s suit did not cause the plaintiff=s injuries.  Kirkpatrick, 862
S.W.2d at 773; Bass v. Duffey, 620 S.W.2d 847, 849‑50 (Tex. Civ.
App.CHouston [14th Dist.] 1981, no writ); Maywald, 238 S.W.2d at
827.








The agreement of the parties,
as embodied in the agreed order of abatement, did not explicitly preclude GLP
from exercising its right to cross-examine witnesses and present its own
witnesses at the trial on damages. 
Because the parties did not so agree, the trial court had no ministerial
duty to disallow GLP=s
cross-examination of the Kerulises= witnesses or exclude GLP=s  witnesses.








The Kerulises argue that the
decree in the judgment on liability that A[GLP] has given up all rights to proceed in any defensive matter or
affirmative relief action in this court@ relates back to and amplifies the agreement of the parties.  We do not so read the abatement order and the
liability judgment.  The Adefensive or affirmative relief@ language in the agreed order related to the predicate for
striking GLP=s pleadings,
not the consequences; the agreed order provided that if GLP
failed to Aobtain the
right to proceed in any defensive or affirmative relief action@ by reviving its corporate charter, then the trial court would
strike its pleadings and proceed to trial on damages.  Similar language was carried forward into the
default judgment, but that judgment concerned only liability.  It logically follows that the phrase A[GLP] has given up all rights to proceed in any defensive matter or
affirmative relief action in this court@ related to liability only and not to damages.  The parties= agreement simply did not preclude GLP from participating in the
damage trial, and the trial court could not give the agreement greater effect
than the parties intended.  See Austin,
603 S.W.2d at 207.

We hold that the trial court
did not abuse its discretion by allowing GLP to participate in the trial on
damages, and we overrule the Kerulises= first and second issues.  In
their third issue, the Kerulises argue that the trial court=s damage award is contrary to the great weight of the evidence if we
exclude the evidence that GLP presented at the trial on damages.  Because we conclude that the trial court did
not err by permitting GLP to participate in the trial on damages, we overrule
the Kerulises= third
issue.

                                             Conclusion

Having overruled the
Kerulises= three
issues, we affirm the trial court=s judgment.  We deny GLP=s motion to dismiss this appeal.

 

 

ANNE GARDNER

JUSTICE

 

PANEL A:   CAYCE, C.J.; GARDNER and WALKER, JJ.

 

DELIVERED:  June 29, 2006











[1]See Tex. R. App. P. 47.4.