ILLINOIS EMPLOYERS INSURANCE COMPANY OF WAUSAU and Employers Mutual Liability Insurance Company of Wisconsin, Appellants,

v.

Shorty Ray LEWIS, Appellee.

No. 8263.

Court of Civil Appeals of Texas, Beaumont.

May 17, 1979.

Rehearing Denied May 31, 1979.

Mark T. Price, Houston, for appellants.

Joe H. Tonahill, Jasper, for appellee.

CLAYTON, Justice.

Plaintiff filed this suit in the court below seeking to set aside an award for worker's compensation by the Industrial Accident Board. Defendants, Illinois Employers Insurance Company of Wausau and Employers Mutual Liability Insurance Company of Wisconsin, appeal from a default judgment entered by the trial court pursuant to *Tex. R.Civ.P. 168* and *215a(c)* awarding plaintiff compensation in the sum of $31,477.44 plus $3,696.90 in medical benefits.

Defendants' first five points of error complain of the trial court's action in granting plaintiff's motion to strike defendants' pleadings because of the failure to answer plaintiff's written interrogatories.

Plaintiff filed his petition on June 6, 1978. Defendants (by counsel other than counsel representing defendants at time of rendition of judgment) filed their original answer on July 1, 1978. On July 7, 1978, plaintiff filed his Request for Admissions of Fact and his written interrogatories in the District Clerk's office. Defendants' answer to the Request for Admissions was filed July 17, 1978. The written interrogatories were not served upon defendants' counsel until July 14, 1978. Pursuant to *Tex.R. Civ.P. 168,* the answers to such interrogatories were not due to be filed until August 14, 1978. On August 4th, ten days before the due date for filing answers to the interrogatories, the court set the case for trial for August 29th. On August 16th, the District Clerk sent a letter to defendants' counsel stating the attorney for plaintiff had requested this case be placed on the nonjury docket for August 29 and stating further that plaintiff's counsel advised he would be ready for trial at that time. Plaintiff had previously asked for a jury trial and had paid a jury fee. On August 21, defendants forwarded to the District Clerk the proper jury fee deposit.

On August 21, plaintiff filed his reply to defendants' motion for continuance wherein he stated, "the plaintiff has submitted Interrogatories to the defendant[s]. . . . These should be answered by the defendant[s] in ample time prior to the trial date of August 29th." This statement was made seven days after the due date for filing such answers. No complaint for late filing was made at this time.

On August 28, defendants filed their motion in opposition to the withdrawal of the case from the jury docket. Plaintiff's motion for sanctions pursuant to *Tex.R.Civ.P. 168* and *215a* was filed on August 28th, one day prior to the trial date. On August 29th, plaintiff and his counsel and defendants' counsel appeared before the court, and plaintiff presented and urged his motion for

sanctions. The statement of facts contains no testimony from any witness on this day. It reflects only discussions and statements of counsel. At this hearing, defendants' counsel stated that the interrogatories "were served upon Mr. Willard Tinsley, who was the attorney of record for the defendants on August 14, 1978. . . . Upon it being called to my attention they had not been answered . . . Mr. Tinsley is out of the country, has been for some time. . . . I immediately set forth my own investigative efforts in order to get the information necessary to prepare answers to written interrogatories." The court did not rule upon the motion at that time but reset it for Friday of that week (September 1).

Defendants filed their answers to the written interrogatories approximately fifteen minutes before the court resumed the hearing on September 1. When the hearing was resumed, plaintiff offered in evidence the written interrogatories, plaintiff's request for admissions and defendants' answers thereto, medical records of Buna Medical Center, plaintiff's deposition, plaintiff's petition, and plaintiff's answers to defendants' written interrogatories, and then requested the court to grant the motion for sanctions. Defendants then called to the attention of the court that defendants' answer to the interrogatories had been filed. The court granted the motion for sanctions, ordered that defendants' answer be stricken and default judgment "will be entered for the plaintiff. The amount of default judgment will be taken under advisement by the court until such time as the court has had opportunity to read the deposition and the other instruments." Whereupon defendants excepted to the ruling and demanded a trial by jury on the "damage issue, at least the compensation." This request was denied.

We believe it is significant to point out that the defendants' answer to plaintiff's request for admissions of facts admitted that plaintiff was an employee of McDonald Lumber Company on January 2, 1978; that he was accidentally injured while working for such employer on said date, while in the course of his employment; that his employer and defendants had actual notice of such accidental injury within thirty days from date of injury; that notice of injury and claim for compensation was duly and timely filed with the Industrial Accident Board; that if such notices were not timely filed good cause existed for failure to so file and that all conditions precedent to the acquisition of jurisdiction of the court had been fully complied with by the plaintiff. Defendants further admitted all requests necessary to the establishment of plaintiff's wage rate. These admissions, and others, contained in the request, covered the same subject matter as those inquired about in the written interrogatories. In view of these admissions, plaintiff was in a position to proceed to trial with only the burden of proving the extent and duration of his injuries.

*Tex.R.Civ.P. 168* provides:

"If a party, except for good cause shown, fails to serve answers to interrogatories . . . the court . . . may, on motion and notice, make such orders as are just, including those authorized by paragraph (c) of Rule 215a." *Tex.R.Civ.P. 215a(c)* provides for the imposition of penalties including striking of the pleadings, depriving a party of his grounds for relief or his defense or enter a judgment by default, or make such other order with respect thereto as may be just.

*Tex.R.Civ.P. 168* and *215a* are designed to give the trial court an expeditious procedure for insuring the effectiveness of pretrial discovery. The authorized sanctions are not intended to be arbitrary and exclusive, but flexible and plural, vesting in the trial court broad discretion to fashion a remedy which will secure compliance with its orders and deter future non-compliance. *Dow Chemical Co. v. Benton,* 163 Tex. 477, 357 S.W.2d 565 (1962); *Firestone Photographs, Inc. v. Lamaster,* 567 S.W.2d 273 (Tex.Civ.App.—Texarkana 1978, no writ); *Plodzik v. Owens-Corning Fiberglas Corp.,* 549 S.W.2d 52 (Tex.Civ.App.—Austin 1977, no writ); *Pena v. Williams,* 547 S.W.2d 671 (Tex.Civ.App.—San Antonio 1977, no writ).

■ The office of sanctions is to secure compliance with the discovery rules, not to punish erring parties. *Ebeling v. Gawlik,* 487 S.W.2d 187 (Tex.Civ.App.—Houston [1st Dist.] 1972, no writ); *Robison v. Transamerica Insurance Co.,* 368 F.2d 37 (10th Cir. 1966).

■ The choice of the appropriate sanctions is for the trial court rather than the appellate court, and, as long as such sanctions are within the authority vested in the trial court, they will not be overturned unless they constitute a clear abuse of discretion. *U. S. Leasing Corp. v. O'Neill, Price, Anderson & Fouchard, Inc.,* 553 S.W.2d 11 (Tex.Civ.App.—Houston [14th Dist.] 1977, no writ).

The application of the sanction of depriving a party of the right to present his grounds for relief or his defense, thereby subjecting him to the rendition of a default judgment against him, is a harsh remedy, and the court's action in refusing to apply such sanctions will stand in the absence of a showing of abuse of discretion. *Hankins v. Haffa,* 469 S.W.2d 733, 738 (Tex.Civ.App.—Amarillo 1971, no writ).

■ Under the facts stated above, the action of the trial court in granting plaintiff's motion for sanctions, wherein it was ordered that defendants' answer be stricken and default judgment entered against them, was clearly an abuse of its discretion. Moreover, the granting of such sanctions has been held to be a clear abuse of discretion when the answers to the interrogatories were on file with the court at the time the sanctions were imposed. *Young Companies, Inc. v. Bayou Corp.,* 545 S.W.2d 901 (Tex.Civ.App.—Beaumont 1977, no writ).

We have found no cases, and none have been cited, authorizing a trial court to strike a defendant's pleadings and enter a default judgment for the plaintiff for the failure to answer interrogatories in the absence of a refusal to comply with an order of the court compelling the filing of such answers.

In every case cited by the parties in their briefs, wherein such sanctions have been upheld, there had been a previous order entered by the court compelling the defaulting party to comply with the discovery rules. See *Henson v. Citizens Bank of Irving,* 549 S.W.2d 446 (Tex.Civ.App.—Eastland 1977, no writ); *Rainwater v. Haddox,* 544 S.W.2d 729, 731 (Tex.Civ.App.—Amarillo 1976, no writ); *Pena v. Williams,* supra; *Plodzik v. Owens-Corning Fiberglas Corp.,* supra; *Eberling v. Gawlik,* supra; *U. S. Leasing Corp. v. O'Neill, Price, Anderson & Fouchard, Inc.,* supra; *Hankins v. Haffa,* supra; *Young Companies, Inc. v. Bayou Corp.,* supra.

■ *Tex.R.Civ.P. 168* and the sanctions authorized by *Tex.R.Civ.P. 215a(c)* do not literally require a party to obtain an order compelling answers to interrogatories before moving for sanctions against an adverse party. However, in view of the harsh penalties provided in *Rule 215a(c)* we hold that it is incumbent upon a party to file a motion to compel answers to interrogatories, to obtain a court order thereon and to show a refusal or failure to comply with such court order before a court is authorized to grant a motion for sanctions and impose the specific penalties authorized by *Rule 215a(c).*

Defendants next complain of the trial court's action in refusing them a trial by jury on the issue of damages. As previously stated, the plaintiff had demanded a jury and paid the required jury fee. At plaintiff's request the case was removed from the jury docket and placed on the non-jury docket. Upon being so informed, defendants paid a jury fee and objected to the withdrawal from the jury docket and requested a jury trial on the issue of damages or compensation.

■ *Tex.R.Civ.P. 220* provides that, when a party has paid the fee for a jury trial, he shall not be permitted to withdraw the cause from the jury docket over the objection of the parties adversely affected. Defendants objected to the withdrawal from the jury docket and paid a jury fee after notice of such withdrawal. They objected to such procedure at the time of trial and

demanded a jury on the trial of the issue of damages. Under these circumstances, the court was not authorized to remove the cause from the jury docket. *Rainwater v. Haddox*, supra; *White Motor Co. v. Loden*, 373 S.W.2d 863, 865 (Tex.Civ.App.—Dallas 1963, no writ). Moreover, *Tex.R.Civ.P. 243* provides that "if the cause of action is unliquidated or be not proved by an instrument in writing, the court shall hear evidence as to damages and shall render judgment therefor, *unless the defendant shall demand and be entitled to a trial by jury* . . . ." (Emphasis supplied.)

■ The judgment by default did not dispense with the necessity for evidence of plaintiff's unliquidated damages. *Tex.R. Civ.P. 243*; *Morgan Express, Inc. v. Elizabeth-Perkins, Inc.*, 525 S.W.2d 312, 314 (Tex. Civ.App.—Dallas 1975, writ ref'd); *Rainwater v. Haddox*, supra. Upon an inquiry into the amount of unliquidated damages after a default judgment, the defendant has the right to be present, to interpose objections to testimony offered by plaintiff's witnesses and to cross-examine them in order that, by the exclusion of improper evidence, a proper judgment may be rendered on competent and sufficient evidence. *Rainwater v. Haddox*, supra; *Maywald Trailer Co. v. Perry*, 238 S.W.2d 826 (Tex.Civ.App.—Galveston 1951, writ ref'd n. r. e.).

Under the provisions of *Tex.R.Civ.P. 220* and *243*, defendants' having objected to plaintiff's withdrawal of the case from the jury docket, and demanded a jury and paid the jury fee, the court was not authorized to deny defendants a jury trial on the issue of damages. This point is sustained.

In view of our disposition of this appeal, we deem it unnecessary to discuss the other points of error urged by defendants.

The judgment of the trial court is reversed, and the cause is remanded.

REVERSED and REMANDED.