Shorty Ray LEWIS, Petitioner,

v.

ILLINOIS EMPLOYERS INSURANCE
COMPANY et al., Respondents.

No. B–8553.

Supreme Court of Texas.

Oct. 31, 1979.

Tonahill & Hile, Joe H. Tonahill, Jasper, for petitioner.

Boswell, O'Toole, Davis & Pickering, Mark T. Price and Susan Crowley, Houston, for respondents.

## ON APPLICATION FOR WRIT OF ERROR

PER CURIAM.

The court of civil appeals has reversed the judgment of the trial court that had rendered a default judgment for the plaintiff, Shorty Ray Lewis, after striking the defendants' pleadings as a sanction for their failure to answer interrogatories. 582 S.W.2d 242. Plaintiff Lewis filed suit on June 6, 1978, and then filed a request for admissions which were answered and filed ten days after the request. Plaintiff then served defendants with written interrogatories on July 14, but the defendants did not file their answers by August 13. See Rule 168, Tex.R.Civ.P. On August 28, plaintiff filed a motion that the trial court strike defendants' pleadings and render default judgment for the plaintiff. On September 1, 1978, the defendants filed their answers, but the trial court, on the same day but after the answers were filed, granted plaintiff's motion to strike defendants' pleadings and then rendered a default judgment in favor of the plaintiff.

Upon this state of the facts, the court of civil appeals held that the trial court abused its discretion. We approve that holding, but disapprove the broad dictum of that court that the sanctions authorized by Rule 215a(c) can be invoked only upon a party's (1) filing a motion to compel answers to interrogatories, (2) which is followed by a court order which requires the answers, and (3) a failure to comply with that court order.

Rule 168 requires such a procedure in the instance of one's failure to answer particular interrogatories. When, however, a party wholly fails to answer any of the interrogatories, the propounding party may immediately move for the imposition of sanctions without first seeking and obtaining an order from the court requiring answers to interrogatories. This distinction between one's failure to answer particular interrogatories and one's complete failure to make answers is found in Rule 168.

If a party refuses to answer any interrogatory, the proponent of the question may, upon reasonable notice to all persons affected, apply to the court in which the action is pending for an order compelling an answer. Reasonable expenses, including reasonable attorney's fees, incurred in obtaining the order or opposing the motion may be assessed, and a refusal to comply with the order shall authorize the court to act, as provided in paragraphs (a) and (b) of Rule 215a.

If a party, except for good cause shown, fails to serve answers to interrogatories after proper service of such interrogatories, the court in which the action is pending may, on motion and notice, make such orders as are just, including those authorized by paragraph (c) of Rule 215a.

The application for writ of error is accordingly refused, no reversible error. Rule 483, Tex.R.Civ.P.