John BASS, et al., Appellants,

v.

Susan DUFFEY, Appellee.

No. A2690.

Court of Civil Appeals of Texas, Houston (14th Dist.).

Aug. 5, 1981.

Jacalyn D. Scott, Bonham, Carrington & Fox, T. Turner Pope, Kamp & Pope, Houston, for appellants.

Steve Bairstow, Houston, for appellee.

Before J. CURTISS BROWN, C. J., and PAUL PRESSLER and JUNELL, JJ.

JUNELL, Justice.

This is an appeal by writ of error from a default judgment rendered against the defendant/appellant after his answer was ordered stricken for failure to timely file answers to plaintiff's interrogatories. Appellant contends the court abused its discretion in striking his answer and rendering the interlocutory default judgment because answers to the interrogatories were on file at the time the court took such action. He also contends that the court erred in rendering the final default judgment by failing to notify appellant of the hearing on damages. We disagree with appellant's first contention, but we agree with the second one and reverse and remand for trial on the sole issue of damages.

Appellee, Susan Duffey, filed suit against appellant, John Bass, d/b/a Park Avenue Careers (Bass), for unpaid commissions due Duffey for employment counseling and placement services. Bass's answers contained a general denial and allegations that Park Avenue Careers is a Texas corporation, not an assumed name under which John Bass was doing business, and that Bass was not personally liable. On September 26, 1979, plaintiff filed and properly served extensive interrogatories, the answers to which were due within thirty days. In addition to general background questions concerning Bass and Duffey's employment at Park Avenue Careers, the interrogatories included 11 questions, each with numerous subparts, regarding placement of specific job applicants and 69 questions relating to the corporate organization of Park Avenue Careers and Bass's involvement with the corporation and its financial dealings.

On January 11, 1980, Duffey filed a motion for sanctions for Bass's failure to timely file his answers to the interrogatories. On January 14, 1980, answers to the interrogatories were filed. It appeared that Bass had made a good faith attempt to answer most of the interrogatories. With respect to certain questions regarding specific job applicants Bass responded that those interrogatories would be fully answered pursuant to an audit of Duffey's account. Several others were answered in a somewhat less-than-complete fashion. On February 25, 1980, the court heard the motion for sanctions; and on March 17, 1980, the court signed an agreed order requiring additional answers to sixteen questions by March 26, 1980, and ordering Bass to pay $100.00 attorney's fees to Duffey's attorney. Bass did not file any additional answers by March 26, 1980. On April 7, 1980, plaintiff filed another motion for sanctions because of Bass's failure to comply with the order of March 17, 1980. In response Bass on May 22, 1980, filed a motion for continuance of the hearing on the motion for sanctions scheduled for May 26, 1980. In the motion for continuance Bass's attorney stated under oath that information sought in ten of the remaining interrogatories had to be obtained by defendant from third parties, that the third parties had failed to furnish such information, that repeated requests therefor had been made and defendant expected to get the information by June 5, 1980. The attorney further stated that Bass had been in Japan on a business trip since May 2, 1980, and would not return to the United States until about June 7, 1980, and that upon his return Bass would be advised of the information needed and would complete his answers to the interrogatories.

On May 27, 1980, the court heard the motion for sanctions and on June 13, 1980, signed another agreed order allowing Bass until June 16, 1980, to answer the remaining interrogatories and ordering another $100.00 paid in attorney's fees to Duffey's attorney. Again Bass filed no answers by the due date, June 16, 1980, and on June 19, 1980, the plaintiff filed a third motion for sanctions alleging that the required answers had not been filed. However, on the same date, June 19, 1980, Bass filed additional answers to the interrogatories. Nevertheless, the court heard the third motion for sanctions on August 4, 1980, and on August 8, 1980, signed an order striking Bass's pleadings. Also on August 8, 1980, the court rendered an interlocutory default judgment on liability against Bass. In the interlocutory judgment the court made the following order:

"It is further ordered that the trial of this cause be and the same is postponed, to set for hearing on writ of inquiry, at which time a final judgment shall be entered finalizing this interlocutory judgment as the defaulting defendant, John Bass."

A certificate of defendant's last known address was filed with the court at the time the court rendered the interlocutory judgment. This was in compliance with the requirements of Tex.R.Civ.P. 239a.

On August 14, 1980, without any notice to the defendant or his attorney, a hearing was had on damages and final default judgment was rendered for Duffey.

Appellant contends in his first two points of error that the court abused its discretion in striking his answer and in rendering the interlocutory default judgment against him because the answers to the interrogatories were on file with the court on the date of the court's action.

■ The imposition of penalties or sanctions for failure or refusal of a party to comply with discovery rules being directed to the sound discretion of the trial court, such imposition can be set aside only upon a showing of clear abuse of discretion. *Young Companies, Inc. v. Bayou Corp.*, 545 S.W.2d 901, 902 (Tex.Civ.App.-Beaumont 1977, no writ); *Meyer v. Tunks*, 360 S.W.2d 518 (Tex. 1962).

■ On the record before us we are unable to conclude that there was an abuse of discretion by the trial court. The defendant made no attempt to answer any of the interrogatories until 78 days after answers were due and until three days after the plaintiff filed her first motion for sanctions. Although defendant agreed to a court order requiring additional answers to the interrogatories by March 26, 1980, the defendant did nothing until after plaintiff's second motion for sanctions was filed. The trial court exhibited a great amount of patience with defendant by again granting defendant additional time to file the answers; and once again defendant failed to file additional answers by the due date. The answers as finally filed still left two interrogatories completely unanswered and three subparts of seven other interrogatories with answers which were totally unresponsive. Furthermore, not once did the defendant take action before the due date for filing answers to request additional time and undertake to show the court reasons why an extension should be granted. In each instance the defendant sat back and did nothing until the threat of a motion for sanctions hung over his head. On this record it is not surprising that the trial court finally imposed the sanctions of striking the defendant's answer and rendering an interlocutory default judgment on liability. It is not enough for the defendant to now say that the trial court abused it discretion merely because the answers were on file when the court acted to impose the sanctions. The Beaumont court of Civil Appeals in two cases, *Young Companies, Inc. v. Bayou Corp.*, 545 S.W.2d 901, (Tex.Civ.App.-Beaumont 1977, no writ); and *Illinois Emp. Ins. Co. of Wausau v. Lewis*, 582 S.W.2d 242, (Tex.Civ.App.-Beaumont) *writ ref'd n.r.e. per curiam*, 590 S.W.2d 119 (Tex. 1979), has held that the granting of such sanctions was a clear abuse of discretion when the answers to the interrogatories were on file with the court at the time the sanctions were imposed and when the defendant had fully complied with the court's order as to discovery. In each of those cases, however, it appeared that the defendant had fully answered all of the interrogatories, which is not true in the instant case. Furthermore, all of the circumstances existing up to the imposition of sanctions must be examined in determining the abuse of discretion question, and the circumstances in the instant case were not similar to those in the two Beaumont cases.

The sanctions imposed were within the court's authority, and under the record before us we cannot say they were unreasonable or unjust. *Southern Pac. Transp. Co. v. Evans*, 590 S.W.2d 515 (Tex.Civ.App.-Houston [1st Dist.] 1979, writ ref'd n.r.e.).

In his third point of error appellant asserts that the trial court erred in rendering the final default judgment against him because the appellant was not given notice of the hearing on damages and thus was denied his right to a trial thereon. We agree for the reasons set forth below.

■ The court's imposition of the sanctions of striking the defendant's answer and rendering an interlocutory judgment on liability did not dispense with the necessity of evidence of plaintiff's unliquidated damages. Tex.R.Civ.P. 243; *Illinois Emp. Ins. Co. of Wausau v. Lewis, supra; Rainwater v. Haddox*, 544 S.W.2d 729 (Tex.Civ.App.-Amarillo 1976, no writ). Upon inquiry into the amount of unliquidated damages after a default judgment, the defendant has the right to be present, to interpose objections

to testimony offered by the plaintiff's witnesses and to cross-examine them in order that, by the exclusion of improper evidence, a proper judgment may be rendered on competent evidence. *Illinois Emp. Ins. Co. of Wausau v. Lewis, supra; Rainwater v. Haddox, supra.* He may in effect even defeat the action by showing that no damages were caused to the plaintiff by the matters alleged. *Maywald Trailor Co. v. Perry,* 238 S.W.2d 826, 827 (Tex.Civ.App.-Galveston 1951, writ ref'd n.r.e.).

Appellee argues that once appellant's pleadings were stricken, the only party present in the lawsuit was appellee and, hence, appellant was not entitled to notice of the trial on the issue of damages. We reject this argument. This case is unlike one in which a defendant has been served with citation and has wholly failed to make any appearance in the case. In that case no notice of the hearing on damages would be required. However, in the instant case the defendant had duly made his appearance in the case. "Appearance" ordinarily means the submission by a person against whom a suit has been commenced to the jurisdiction of the court. 3 Tex.Jur.3rd, *Appearance,* § 1 (1980). Having made his appearance defendant was still present in the law suit after the sanctions were imposed and, thus, was entitled, to notice of the trial on damages. Once the defendant's answer was stricken and the interlocutory default judgment on liability was rendered, the only thing remaining to be done before rendition of a final judgment was a final trial on the merits of the one remaining issue, damages. Under the Rules of the District Courts of Harris County Texas for the Trial of Civil Cases appellee was required to request a setting on the general docket and serve the appellant and/or his attorney with a copy of the setting request. Without the notice thus furnished to appellant, his right to be present and participate in the trial on damages would be an empty one, indeed. It matters not whether the appellant had requested a jury trial by a payment of a jury fee. Final trials on the merits in both jury and non-jury cases must be set in Harris County on the general docket pursuant to rules which require notice of such settings to all adverse parties. We reverse the judgment of the court below and remand the case to that court with instructions that a trial be held on the sole issue of damages after each party is given notice of such trial setting.

Reversed and remanded with instructions.