**PEARSON CORPORATION d/b/a "The Dallas Hoopsters", Appellant,**

v.

**WICHITA FALLS BOYS CLUB ALUMNI ASSOCIATION, INC., Appellee.**

No. 18643.

Court of Appeals of Texas, Fort Worth.

May 13, 1982.

Law Offices of Brian A. Eberstein, and Brian A. Eberstein, Dallas, for appellant.

Anderson, Anderson & Rodriguez, and Hank Anderson, Wichita Falls, for appellee.

Before SPURLOCK, JORDAN and HOLMAN, JJ.

## OPINION

JORDAN, Justice.

This is an appeal by Pearson Corporation, hereafter "Dallas Hoopsters," "Hoopsters," or appellant, from a default judgment rendered against it in favor of Wichita Falls Boys Club Alumni Association, Inc., hereafter "Boys Club," or appellee, after the trial court struck "Dallas Hoopsters" answer for failure to file answers to interrogatories under Rule 168, Texas Rules of Civil Procedure.

Affirmed in part and in part reversed and remanded with instructions.

"Boys Club" originally filed suit against "Dallas Hoopsters," a basketball team composed of some members of the Dallas Cowboys football team, for alleged breach of contract by "Dallas Hoopsters" for their failure to appear, as agreed in the contract, to play in a benefit basketball game in Wichita Falls, Texas on March 21, 1980. Profits from the game, after payment of $3500.00 to "Dallas Hoopsters," were to be used for the benefit of the "Boys Club," which had been destroyed by the tornado of April 10, 1979 which devastated certain areas of that city. The basketball team failed to appear for the scheduled game and suit was brought for that failure, alleging breach of contract as well as violations of the Deceptive Trade Practices Act.

After appellant, defendant below, filed its answer, appellee as plaintiff in the trial court on September 26, 1980, filed certain interrogatories under Rule 168, Texas Rules of Civil Procedure, which were to be answered within 33 days. These interrogatories were not timely answered and on November 26, 1980, "Boys Club" filed a motion to compel answers. On the same date the court entered an order granting the motion to compel answers, decreeing that said interrogatories be answered by December 15, 1980, and that in the event such answers were not filed with the District Clerk by that date, that "Dallas Hoopsters" pleadings would be stricken from the record and "Boys Club" would be entitled to a default judgment.

This motion to compel and order granting same was received by counsel for appellant "Dallas Hoopsters" on November 29, 1980, but no answers at all to any of the interrogatories were filed by December 15, 1980, as ordered.

On May 27, 1981, no answers to interrogatories having yet been filed, the trial court, without further notice to appellant, rendered what was termed "Default Judgment," and after noting that appellant had been ordered to file answers to the interrogatories by December 15, 1980 or be subject to default judgment, found that no answers had been filed as ordered. The order of May 27, 1981 proceeded to state that the court heard evidence on appellee's unliquidated claim, then rendered default judgment against "Dallas Hoopsters" for the sum of $8,803.44, trebled under the Deceptive Trade Practices Act for a total of $25,410.32, plus attorneys fees of $1,000.00.

On June 26, 1981, the court, after a hearing on "Hoopsters" motion to set aside default judgment, signed a "Reformed Judgment," deleting the portion of the original judgment of May 27, 1981 trebling the actual damages, and rendered judgment for $8,803.44, plus attorney's fees of $1,000.00. It is from this judgment that "Dallas Hoopsters" appeal.

The question involved is whether the trial court, in striking appellant's pleadings and rendering default judgment, abused its discretion.

By three points of error the "Hoopsters" contend that the trial court erred in granting "Boys Club's" motion to compel answers, in granting default judgment against it without proper notice and hearing, and that there was an abuse of discretion by the court in refusing to set aside the default judgment and grant a new trial.

■ At the outset, we are confronted with the rather startling reality that even though appellant's attorney received the interrogatories on September 29, 1980, the motion to compel, and the order requiring answers by December 15, 1980 on November 29, 1980, both the request by appellee

"Boys Club" and the court's order were totally ignored by the "Hoopsters" and its attorney. The interrogatories never were answered by appellant, nor was any motion filed alleging mistake, lack of information, lack of notice, or any other cause for failure to answer ever filed. No hearing concerning the motion to compel or any request for delay was requested by "Dallas Hoopsters," at any time, either prior to the December 15, 1980 court order or the granting of the default judgment on May 27, 1981, reformed by order of June 26, 1981. The "Hoopsters" had from September 29, 1980, when its counsel received the interrogatories, to May 27, 1981, to either answer the interrogatories or request a hearing explaining what reason, if any it had, why the interrogatories could not be answered. We cannot say, under these circumstances, that the trial court abused its discretion under the Discovery Rules in striking appellant's pleadings and granting the default judgment, at least as to liability.

■ The purpose of the Discovery Rules is to augment and facilitate the trial process, to narrow as much as possible, the actual issues in dispute, and to change the trial of a lawsuit from a game of chance and surprise, or "Blind Man's Bluff", as it once was, to an orderly process of unclouding matters and uncovering the actual facts involved. The latest amendments to these rules, effective January 1, 1981, were promulgated to further this purpose and to correct and eliminate some of the faults and pitfalls of the rules, and some of the many efforts to thwart and avoid the Rules and their purpose.

We think that under Rule 168, before or after the amendments effective January 1, 1981, that the trial court's action in striking the "Hoopsters" answer and rendering default judgment was proper.

The pre-1981 Rule provided in part, "If a party, except for good cause shown, fails to serve answers to interrogatories after proper service of such interrogatories, the Court in which the action is pending, may, on motion and notice, make such orders as are just, including those authorized by paragraph (c) of Rule 215(a)." Paragraph (c) of Rule 215a permits the court, under such circumstances, among other things to strike the non-answering party's pleadings and to render default judgment against such party. This provision of pre-1981 Rule 168, and the case of Lewis v. Illinois Emp. Ins. Co., 590 S.W.2d 119 (Tex.1979) construing it, effectively answers "Dallas Hoopster's" complaints that it was not given an opportunity for hearing, with prior notice, after appellee filed its motion to compel answer, and that it had no notice or opportunity for hearing before the default judgment was granted.

Lewis was a case with a fact situation strikingly similar to this one. In refusing outright a writ of error, the Supreme Court held that the Court of Civil Appeals was correct in reversing a case where the trial court abused its discretion in striking pleadings and rendering default judgment after answers, though late, were filed by defendant on the same day the default judgment was rendered. The Supreme Court disapproved the broad dictum of the lower court which said that sanctions authorized by Rule 215a(c) can be invoked only upon a party's filing a motion to compel answers followed by a court order which requires the answers and a failure to comply with that court order. It was said in Lewis: "When a party wholly fails to answer any interrogatories, propounding party may immediately move for imposition of sanctions without first seeking and obtaining an order from court requiring answers to interrogatories." This distinction between one's failure to answer particular interrogatories and one's complete failure to make answers is found in Rule 168.

In Southern Pac. Transp. Co. v. Evans, 590 S.W.2d 515 (Tex.Civ.App.—Houston [1st Dist.] 1979), denied 449 U.S. 994, 101 S.Ct. 531, 66 L.Ed.2d 291, it was held that where there had been a willful refusal to allow discovery after being ordered to do so by the court, appellate courts have often upheld severe sanctions by the trial court. In this case the action of the trial court in striking defendant's answer and granting

default judgment as to liability was not erroneous even though answers to the interrogatories had eventually been filed, but not until six months after the time stated for answer in the trial court's order. This case also holds, contrary to appellant's contention in point of error number two, that the effect of the court order of November 26, 1980 was not to impose sanctions without a hearing and without notice.

In *Evans,* as in this case, no sanctions were imposed until long after the order requiring answers to interrogatories to be filed by a certain date. In *Evans,* as here, the sanctions were imposed only after the court order and later a finding that the answers had not been filed as ordered.

The authors of the Comment in 32 Baylor Law Review 457, Justice Jack Pope, and Steve McConnico opined that "The new sanctions additions to Rule 168 do not change the holding (of *Lewis v. Illinois Employer's Ins. Co., supra* ) that if no interrogatory answers are filed, no motion to compel answers is required to impose sanctions. If only some interrogatory answers are filed, however, a motion to compel answers is still required to impose sanctions." See also in this regard *Saldivar v. Facit-Addo, Incorporated,* 620 S.W.2d 778 (Tex.Civ.App. —El Paso 1981) citing the *Lewis* case for the proposition that if no interrogatory answers are ever filed, no motion to compel answers is required. The court in *Saldivar* also referred to the Pope and McConnico article, supra, as saying that the *Lewis* holding will still apply to Rule 168 even under the 1981 amendments.

In *Bass v. Duffey,* 620 S.W.2d 847 (Tex. Civ.App.—Houston 1981), it was held that the imposition of penalties or sanctions for failure or refusal of a party to comply with discovery rule, is a matter directed to the sound discretion of the trial court, and that such imposition can be set aside only upon a showing of clear abuse of discretion. In *Bass,* the court noted that not once in many months did the defendant take action before the due date for filing answer to request additional time and undertake to show the court reasons why an extention

should be granted, but instead sat back and did nothing until the threat of a motion for sanctions hung over his head. The court approved the action of the trial court in striking defendant's pleadings and rendering default, even though, as in *Lewis, supra,* answers were finally filed. The language by the court in *Bass* fits our situation like a glove.

 Appellant's points of error are overruled and the judgment of the trial court is affirmed, but only as to the default judgment on liability. The judgment rendered should have been interlocutory on liability only, since appellant "Dallas Hoopsters" was entitled to notice and a hearing on the issue of the unliquidated damages sought by "Boys Club." See *Southern Pac. Transp. Co. v. Evans, supra,* and *Bass v. Duffey, supra.*

The judgment is therefore affirmed as to its liability, adjudication; as to damages it is reversed with cause remanded on the amount of damages, if any, to which "Boys Club" is entitled.