**HENRY WU, INC. and Hugesen Enterprise U.S.A., Inc.,**
Appellants,

v.

**REX MACHINERY MOVERS, INC., Appellee.**

No. 08–90–00114–CV.

Court of Appeals of Texas,
El Paso.

Dec. 19, 1990.

Rehearing Overruled Jan. 16, 1991.

Stuart N. Wilson, Stern, Flanz, Carnley & Wilson, P.C., Houston, for appellants.

Douglas A. Sandvig, Kissner & Sandvig, Houston, for appellee.

Before OSBORN, C.J., and FULLER and KOEHLER, JJ.

## OPINION

KOEHLER, Justice.

In a discovery "death penalty" case, the sole question presented to us is whether the trial court abused its discretion by its order striking the Plaintiffs' pleadings and granting Defendant a take-nothing judgment where Plaintiffs' answers to Defendant's interrogatories and their response to its request for production were served on Defendant three weeks before the sanctions hearing was held and the sanctions ordered. We conclude that there was an abuse of discretion, requiring a reversal and remand.

This suit originated when Henry Wu, Inc. and Hugesen Enterprise U.S.A., Inc., Appellants, filed suit on November 3, 1988, alleging breach of contract and several other causes of action against Rex Machinery Movers, Inc. in connection with the improper storage of certain machinery owned by Appellants in Appellee's warehouse, and claiming actual damages of $2,500,000.00 on each of the alternative theories, punitive and consequential damages, and attorney's fees.

On February 22, 1989, Appellee served on Appellants: first, interrogatories under Tex.R.Civ.P. 168, specifying that the answers be returned "within thirty days" after service, and second, a request for production also mistakenly designated by Appellee as being pursuant to Rule 168, requiring a response within thirty-one days from the day of service. Thus, Appellants' answers and response were due on March 24 and 25, respectively. By agreement, the parties extended the deadline to March 31. Appellants failed to meet that deadline and instead on April 5, moved for a protective order seeking an extension of time until May 1 for responding to Appellee's discovery requests. Although the motion was set for submission on April 24, it was not heard until May 14, when it was granted.

On May 10, counsel for Appellants wrote to opposing counsel, advising him that Henry Wu, the principal owner of Appellants from whom the answers and response would come, had been in a Houston hospital for two weeks "with a serious heart ailment" and that he hoped to get the answers and documents from Wu "next week." Having not received the answers/response and hearing nothing further from Appellants, Appellee filed a motion for sanctions on June 2, set for submission on June 19. Then on June 16, Appellants filed a response to the sanctions motion attaching a copy of their answers to the interrogatories and response to the request for production which had been in the meantime mailed or delivered to Appellee on June 13 and 14, respectively. Notably missing from the sanctions response was any affidavit from a doctor supporting Wu's claim of unavailability due to medical reasons. On July 8, the trial court granted the motion for sanctions, ordering that Appellants' pleadings be stricken. After denying Appellants' motion for reconsideration, the court signed a take-nothing judgment on September 30, 1989.

If a party fails to comply with a proper discovery request under the Texas Rules of Civil Procedure, the trial court may, after notice and hearing, impose any of a number of sanctions ranging from disallowing further discovery by the disobedient party, charging all or any portion of the discovery

expenses or court costs against the disobedient party and/or his attorney, or deeming established for the trial any facts the discovering party was seeking from the disobedient party, to striking all or part of the offending party's pleadings, dismissing with or without prejudice the suit or rendering a default judgment, or holding the offending party in contempt of court. Tex. R.Civ.P. 215(2)(b).

In *Bodnow Corporation v. City of Hondo*, 721 S.W.2d 839, 840 (Tex.1986), the Supreme Court set forth the three purposes of discovery sanctions: (1) to secure the party's compliance with the rules of discovery; (2) to deter other litigants from violating the discovery rules; and (3) to punish a party who violates those rules. The Court went on to say that the trial court abuses its discretion if the sanction it imposes does not further one of those purposes. 721 S.W.2d at 840.

■ When confronted with an abuse of discretion challenge to a discovery sanction, the test is not whether, in the opinion of the appellate court, the facts present an appropriate case for the particular sanction ordered by the trial court. The question is "whether the court acted without reference to any guiding rules and principles." *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–2 (Tex.1985). Another way of stating the test for abuse of discretion is to determine whether the sanction imposed by the trial court was, under all of the attendant circumstances, arbitrary or unreasonable. *Smithson v. Cessna Aircraft Company*, 665 S.W.2d 439, 443 (Tex. 1984). Although an appellate court cannot substitute its judgment for that of the trial court on a matter within the discretion of the latter, the trial court's power to impose sanctions is not unlimited, the limiting requirement being that the order be just and that the sanction imposed be "specifically related to the harm done by the condemned conduct...." *Ray v. Beene*, 721 S.W.2d 876, 879 (Tex.App.—Houston [1st Dist.] 1986, writ ref'd n.r.e.).

■ In applying the rules enunciated by the foregoing cases, we have no trouble in concluding the sanction in the instant case

was imposed for the purpose of punishing Appellants for violating the discovery rules and perhaps for the additional purpose of deterring other litigants from future violations. But was the sanction of striking Appellants' pleading and rendering a take nothing judgment "just" under all of the circumstances of this case or was it arbitrary or unreasonable?

In this case, Appellants did not disobey any direct order of the trial court to file their answers/response by a time certain. *Pearson Corporation v. Wichita Falls Boys Club Alumni Association, Inc.*, 633 S.W.2d 684, 686 (Tex.App.—Fort Worth 1982, no writ). They did get an extension by agreement and then a somewhat belated protective order extending the time. Appellants' attorney also wrote a letter explaining the reason for the delay and expressing a "hope" that they would be able to comply "next week." Finally, Appellants got their tardy answers/response to Appellee several days before the submission date of the motion for sanctions and more than three weeks before the sanctions order was signed. At worst, this is a case of negligence on the part of Appellants or their attorney. An affidavit from Wu and/or his physician could have cured even the negligence aspect. The conduct involved here cannot be characterized as outrageous or as presenting the most aggravating of circumstances. Nothing in the record indicates willful disobedience, bad faith or conscious indifference. This case presents nowhere near the egregious circumstances as were detailed in *Downwind Aviation, Inc. v. Orange County*, 760 S.W.2d 336 (Tex.App.—Beaumont 1988, writ denied); *Pearson Corporation v. Wichita Falls Boys Club Alumni Association, Inc.*, 633 S.W.2d at 685–6; *Notgrass v. Equilease Corporation*, 666 S.W.2d 635, 638 (Tex.App.—Houston [1st Dist.] 1984, writ ref'd n.r.e.); and the other cases, among those cited in a magazine article appended to Appellee's brief (Texas Trial Lawyers Forum, 1989, vol. 23, no. 4, at 37–41), which give the factual background in sufficient detail for a proper understanding of the case.

In this case, Appellants had obtained an extension from the court to May 1 but did not comply until June 14, some forty-four days late. Neither the Appellee's motion nor the record allege or show any harm to Appellee resulting from the delay. Those facts alone warrant a sanction less harsh than "death." Moreover, where the party has belatedly complied with the discovery requirements prior to the imposition of sanctions, the striking of a party's pleadings is too severe and represents a clear abuse of discretion. *Illinois Employers Insurance Company of Wausau v. Lewis*, 582 S.W.2d 242, 245 (Tex.Civ. App.—Beaumont), modified sub. nom., *Lewis v. Illinois Employers Insurance Company*, 590 S.W.2d 119 (Tex.1979) as to when a motion to compel was necessary under Rule 215(a) as it was then written. Based on the record, the "death penalty" sanction imposed by the trial court was neither "just" nor "specifically related to the harm done by the condemned conduct...." *Bodnow Corporation*, 721 S.W.2d at 840; *Ray*, 721 S.W.2d at 879.

We hold that under the circumstances of this case, the trial court abused its discretion by striking Appellants' pleading and rendering a take-nothing judgment in favor of Appellee. Accordingly, the point of error is sustained.

The judgment of the trial court is reversed and the cause remanded for further consideration of an appropriate sanction or sanctions specifically related to the harm done, including attorney's fees and costs connected with this appeal if found appropriate by the trial court.

Michael Holmes, Odessa, for appellant.

Gary Garrison, Dist. Atty., Odessa, for appellee.

